**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LEGAL EAGLE, LLC       *
1680 Irving Street, NW       *
Washington, DC  20010,       *
      *
      Plaintiff,       *
      *
      v.       *
      *
NATIONAL SECURITY COUNCIL       *
RECORDS ACCESS AND       *
INFORMATION SECURITY       *
MANAGEMENT DIRECTORATE       *
1600 Pennsylvania Avenue, NW       *
Washington, DC  20500       *
      *
      and       *
      *
CENTRAL INTELLIGENCE AGENCY       *
Washington, DC  20505,       *     Civil Action No. 1:20-cv-01732
      *
      and       *
      *
DEPARTMENT OF DEFENSE       *     **COMPLAINT**
1400 Defense Pentagon       *
Washington, DC  20301,       *
      *
      and       *
      *
DEPARTMENT OF JUSTICE       *
950 Pennsylvania Avenue, NW       *
Washington, DC  20530,       *
      *
      and       *
      *
DEPARTMENT OF STATE       *
2201 C Street, NW       *
Washington, DC  20520,       *
      *
      and       *
      *
NATIONAL ARCHIVES AND       *
RECORDS ADMINISTRATION       *
8601 Adelphi Road       *

College Park, MD  20740,                  *
                                          *
    and                                   *
                                          *
OFFICE OF THE DIRECTOR OF                 *
NATIONAL INTELLIGENCE                     *
Washington, DC  20511,                    *
                                          *
    Defendants.                          *
                                          *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Plaintiff Legal Eagle, LLC brings this action against Defendants National Security

Council Records Access and Information Security Management Directorate, Central Intelligence

Agency, Department of Defense, Department of Justice, Department of State, National Archives

and Records Administration, and Office of the Director of National Intelligence pursuant to the

Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal

Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Legal Eagle, LLC ("Legal Eagle") is a business headquartered in the

District of Columbia. Legal Eagle runs the LegalEagle YouTube channel

(https://www.youtube.com/legaleagle), which is the most popular YouTube channel focused on

legal issues—as well as one of the fastest growing educational channels in the world—with more

than one million subscribers, ten million monthly views, and 100 million total video views.

Legal Eagle is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4.      A component of the National Security Council ("NSC"), Defendant National Security Council Records Access and Information Security Management Directorate ("RAISMD") "bears primary responsibility for the classification review of written works submitted to the NSC for the prepublication review process." 1st Am. Compl., Dkt. #18, ¶ 25 (filed June 19, 2020), *United States v. Bolton*, No. 20-1580 (D.D.C.) [hereinafter *Bolton* FAC]. RAISMD is accordingly an agency within the meaning of 5 U.S.C. § 552(e) with substantial independent authority in the exercise of specific functions whose sole function is not to advise and assist the President. RAISMD is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

5.      Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

6.      The Prepublication Classification Review Board ("PCRB") is a CIA component.

7.      Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

8.      The Defense Office of Prepublication and Security Review ("DOPSR") and Office of the Secretary of Defense and Joint Staff ("OSD/JS") are DOD components.

9.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

3

10.     The National Security Division ("NSD") and Office of Legal Counsel ("OLC") are DOJ components.

11.     Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

12.     Defendant National Archives and Records Administration ("NARA") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

13.     The George W. Bush Presidential Library and Museum ("GWB Library") is a NARA component.

14.     Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

## BACKGROUND

### *PART I: PREPUBLICATION REVIEW IN GENERAL*

15.     Any person who possesses a security clearance to access classified national security information must sign a Non-Disclosure Agreement ("NDA") agreeing, *inter alia*, to submit any documents related to his/her national security employment for prepublication review before disclosing them to any third party not authorized by the United States Government to access them.

16.     The two most common NDAs for classified information are the SF-312 (governing all classified information) and Form 4414 (governing a subset known as Sensitive Compartmented Information).

17.     An author generally submits a document to the prepublication review office of the agency which sponsors (or sponsored) his/her security clearance. This may not always be the agency where the author works.

18.     Each agency generally has a specific office responsible for conducting prepublication review, although prepublication review is often not the sole responsibility of such an office.

19.     For example, RAISMD is responsible for conducting prepublication review for NSC personnel. The Prepublication Classification Review Board (formerly known as the Publications Review Board) is responsible for conducting prepublication review for CIA personnel. The Defense Office of Prepublication and Security Review is responsible for conducting prepublication review for DOD personnel. The Office of Information Programs and Services is responsible for conducting prepublication review for State personnel. The Information Management Division is responsible for conducting prepublication review for ODNI personnel.

20.     Each agency processes prepublication review requests differently according to agency-specific rules. There is no standardized process which applies to all agencies, although most agency processes share several common characteristics.

21.     One characteristic shared by several agencies is the idea that the agency can deny an author permission to publish both classified and unclassified information in different circumstances. For instance, several agencies reserve the right to deny a current employee or contractor permission to publish unclassified information which could interfere with the agency's functions, while stating that works of former employees may only be reviewed for classified information. Other agencies do not draw a clear line between the two and suggest that

they can deny an author permission to publish certain types of unclassified information—such as Controlled Unclassified Information (DOD) and information which would adversely affect the foreign relations or security of the United States (ODNI)—even if the author is a former employee.

22.    Another characteristic shared by several agencies is the practice of interagency consultation when conducting prepublication review of a document which includes information pertaining to more than one agency. For instance, if a former CIA employee author submits a manuscript to CIA which describes her work on a joint CIA/DOD task force, the PCRB would consult with DOPSR and coordinate their review.

23.    The Government asserts that RAISMD does not have any formal rules governing its prepublication review process. *Bolton* FAC ¶ 25.

### PART II: JOHN BOLTON'S MANUSCRIPT

24.    Former National Security Advisor John Bolton ("Bolton") signed both an SF-312 and a Form 4414 as a condition of his employment with the White House.

25.    On 30 December 2019, Bolton submitted a copy of the manuscript for his book *The Room Where It Happened* to RAISMD for prepublication review. *Id.* ¶ 31.

26.    On 23 January 2020, RAISMD informed Bolton that "the manuscript appears to contain significant amounts of classified information." *Id.* ¶ 33.

27.    The Government believes that all or part of Bolton's original manuscript was distributed to multiple individuals as early as 26 January 2020. *Id.* ¶ 35.

28.    On 7 February 2020, RAISMD informed Bolton that the manuscript contained "numerous instances" of classified information. *Id.* ¶ 40.

29.     Between 7 February and 27 April 2020, Bolton and RAISMD engaged in an iterative process of review, editing, and resubmission. *Id.* ¶¶ 41-45.

30.     On 27 April 2020, RAISMD Senior Director Ellen Knight ("Knight") completed her prepublication review of Bolton's manuscript and informed the NSC Office of the Legal Advisor—with which she had corresponded "at various points throughout the prepublication process," *id.* ¶ 31—that she "was of the judgment that the manuscript draft did not contain classified information." *Id.* ¶ 46.

31.     On 2 May 2020, NSC Senior Director for Intelligence Michael Ellis ("Ellis") "commenced an additional review of the manuscript." *Id.* ¶ 51.

32.     On 9 June 2020, Ellis completed his additional review and concluded that Bolton's manuscript "still contains classified information." *Id.* ¶ 56.

33.     On 10 June 2020, Bolton informed the NSC Legal Advisor that "[t]he book has now been printed, bound, and shipped to distributors across the country." *Id.* ¶ 55.

34.     On 16 June 2020, DOJ filed the lawsuit *United States v. Bolton*, No. 20-1580 (D.D.C.) against Bolton alleging that he breached his NDAs by allegedly publishing the book before the prepublication review process was complete.

35.     On 17 June 2020, DOJ filed a motion for a temporary restraining order in this lawsuit. It supported this motion with seven declarations, two of which were classified and filed *in camera* and *ex parte*.

36.     On 20 June 2020, Judge Royce C. Lamberth denied the Government's motion for a temporary restraining order but opined that "the Court is persuaded that Defendant Bolton likely jeopardized national security by disclosing classified information in violation of his nondisclosure agreement obligations," *United States v. Bolton*, No. 20-1580, 2020 U.S. Dist.

LEXIS 108360, at *8-9 (D.D.C. June 20, 2020), even though "Bolton disputes that his book contains any such classified information," *id.* at *7-8.

### PART III: LEGAL EAGLE'S REQUESTS

37.    The LegalEagle YouTube channel features a recurring segment entitled "Real Law Review," in which the host explains the legal issues behind major stories in the news—such as discussions about executive power, privileges, impeachment, and related issues—for a general audience.

38.    Recognizing the legal implications of the then-burgeoning dispute between Bolton and the White House over the publication of this book, Legal Eagle submitted a series of FOIA requests in February 2020 with the intention of obtaining—or at least forcing the Government to properly process under FOIA—information that the Government was attempting to prevent Bolton from publishing through the prepublication review process, as well as information *about* the prepublication review process being applied to Bolton's manuscript.

39.    Legal Eagle reasonably anticipated that there was a significant likelihood that RAISMD would seek to prohibit the publication of unclassified information or improperly retroactively classify information to prevent its disclosure.

40.    Many of Legal Eagle's requests were submitted to agencies with which RAISMD would have necessarily consulted, such as CIA, DOD, DOJ, State, and ODNI.

41.    On 3 March 2020, Legal Eagle successfully submitted four requests (one of which is not at issue in this case) directly to RAISMD after making multiple attempts, including one instance in which the U.S. Postal Service delivered a Certified Mail package addressed directly to Knight and RAISMD to the White House on 24 February 2020 and an unknown person

marked it "RTS/IA"—for Return to Sender/Insufficient Address—three days later and returned it to Legal Eagle's undersigned counsel, in an apparent attempt to delay or prevent its delivery.

42.    On 26 May 2020, Legal Eagle submitted new requests to several agencies to obtain information created or obtained since its previous requests were processed.

43.    Legal Eagle has received no records as of this writing.

**CAUSES OF ACTION**

***PART I: BOLTON'S FIRST DRAFT***

**FIRST CAUSE OF ACTION**

**(RAISMD – RECORDS DENIAL – UNKNOWN NO. 1)**

44.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

45.    On 3 March 2020, Legal Eagle submitted to RAISMD[1] a FOIA request for "all information from the first manuscript of the forthcoming book *The Room Where It Happened* ("the manuscript") submitted to your office by former National Security Advisor John Bolton ("Bolton") that the Government has prohibited—or is attempting to prohibit—Bolton from publishing." Legal Eagle added a discussion of eleven potential scenarios to illustrate how RAISMD should determine which information would be responsive, since "[t]he purpose of this request is to learn which parts of the manuscript the Government wants to censor, not to get a free copy of the book."

46.    Legal Eagle requested expedited processing of this request and a public interest fee waiver, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book.

---

[1] All of Legal Eagle's requests to RAISMD referred to that office as the "Access Management Directorate," a colloquial name it is commonly known by.

47.     Legal Eagle also stated, "In anticipation of your potential argument that your office is not subject to FOIA, we are familiar with the relevant case law on the matter, and we do not dispute that the National Security Council *as a whole* is not an agency for the purposes of FOIA because it lacks independent decisionmaking authority. However, the Access Management Directorate *does* possess independent decisionmaking authority and does *not* exist solely to advise the President, and as such, your office *is* an agency for the purposes of FOIA, more like the Office of Management and Budget and the Council on Environmental Quality than like the rest of the National Security Council."

48.     On 9 March 2020, RAISMD acknowledged receipt of this request and refused to process it, stating, "As an organization in the Executive Office of the President that advises and assists the President, the National Security Council is not subject to the FOIA."

49.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by RAISMD of said right.

## SECOND CAUSE OF ACTION

## (RAISMD – EXPEDITED PROCESSING DENIAL – UNKNOWN NO. 1)

50.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

51.     Legal Eagle demonstrated that there was an urgent need of a requester primarily engaged in disseminating information (itself) to inform the public about an actual or alleged Federal Government activity (the prepublication review of Bolton's manuscript).

52.     By refusing to process Legal Eagle's request, RAISMD necessarily denied its request for expedited processing.

53.     Legal Eagle has a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by RAISMD of said right.

## *PART II: BOLTON'S PREPUBLICATION REVIEW*

## THIRD CAUSE OF ACTION

## (RAISMD – RECORDS DENIAL – UNKNOWN NO. 2)

54.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

55.     On 3 March 2020, Legal Eagle submitted to RAISMD a FOIA request for various types of records related to the prepublication review process conducted on Bolton's manuscript, including: records discussing prepublication review of any manuscript written by Bolton; records including Bolton's name, his lawyer's name, or the title of his book; and correspondence exchanged with Bolton, his agents, or his publisher.

56.     Legal Eagle requested expedited processing of this request and a public interest fee waiver, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book.

57.     Legal Eagle also stated, "In anticipation of your potential argument that your office is not subject to FOIA, we are familiar with the relevant case law on the matter, and we do not dispute that the National Security Council *as a whole* is not an agency for the purposes of FOIA because it lacks independent decisionmaking authority. However, the Access Management Directorate *does* possess independent decisionmaking authority and does *not* exist solely to advise the President, and as such, your office *is* an agency for the purposes of FOIA, more like the Office of Management and Budget and the Council on Environmental Quality than like the rest of the National Security Council."

11

58.     On 9 March 2020, RAISMD acknowledged receipt of this request and refused to process it, stating, "As an organization in the Executive Office of the President that advises and assists the President, the National Security Council is not subject to the FOIA."

59.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by RAISMD of said right.

## FOURTH CAUSE OF ACTION

### (RAISMD – EXPEDITED PROCESSING DENIAL – UNKNOWN NO. 2)

60.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

61.     Legal Eagle demonstrated that there was an urgent need of a requester primarily engaged in disseminating information (itself) to inform the public about an actual or alleged Federal Government activity (the prepublication review of Bolton's manuscript).

62.     By refusing to process Legal Eagle's request, RAISMD necessarily denied its request for expedited processing.

63.     Legal Eagle has a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by RAISMD of said right.

## FIFTH CAUSE OF ACTION

### (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2020-00938, F-2020-01467)

64.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

65.     On 18 February 2020, Legal Eagle submitted to CIA a FOIA request for various types of records related to the prepublication review process conducted on Bolton's manuscript, including: records discussing prepublication review of any manuscript written by Bolton; records

including Bolton's name or the title of his book; and portions of Bolton's manuscript which were provided to CIA for prepublication review ("the 1st Bolton Notes Request").

66. Legal Eagle requested expedited processing of this request and a public interest fee waiver, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book.

67. On 24 February 2020, CIA acknowledged receipt of this request and assigned it Req. No. F-2020-00938. CIA denied Legal Eagle's request for expedited processing and did not adjudicate its request for a public interest fee waiver.

68. On 26 May 2020, Legal Eagle submitted to CIA a FOIA request for all records responsive to the 1st Bolton Notes Request which were created since the cutoff date of that request ("the 2d Bolton Notes Request").

69. On 29 May 2020, CIA acknowledged receipt of this request and assigned it Req. No. F-2020-01467. CIA denied Legal Eagle's request for expedited processing and did not adjudicate its request for a public interest fee waiver.

70. CIA has not issued final responses to these requests as of this writing.

71. As twenty working days have elapsed without a substantive determination by CIA regarding these requests, Legal Eagle has exhausted all required administrative remedies.

72. Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

**SIXTH CAUSE OF ACTION**

**(CIA – EXPEDITED PROCESSING DENIAL – F-2020-00938, F-2020-01467)**

73. Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

74.     Legal Eagle demonstrated that there was an urgent need of a requester primarily engaged in disseminating information (itself) to inform the public about an actual or alleged Federal Government activity (the prepublication review of Bolton's manuscript).

75.     CIA denied Legal Eagle's requests for expedited processing for both of the Bolton Notes Requests.

76.     Legal Eagle has a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by CIA of said right.

## SEVENTH CAUSE OF ACTION

### (OSD/JS – CONSTRUCTIVE RECORDS DENIAL – 20-F-0721)

77.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

78.     On 18 February 2020, Legal Eagle submitted to OSD/JS a DOD-specific version of the 1st Bolton Notes Request.

79.     Legal Eagle requested expedited processing of this request and a public interest fee waiver, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book.

80.     On 19 February 2020, OSD/JS acknowledged receipt of this request and assigned it Req. No. 20-F-0721.

81.     On 20 February 2020, OSD/JS denied Legal Eagle's request for expedited processing and did not adjudicate its request for a public interest fee waiver.

82.     On 26 May 2020, Legal Eagle submitted to OSD/JS a DOD-specific version of the 2d Bolton Notes Request.

83.     On 26 May 2020, OSD/JS acknowledged receipt of this request and assigned it Req. No. 20-F-1127. OSD/JS denied Legal Eagle's request for expedited processing and did not adjudicate its request for a public interest fee waiver.

84.     OSD/JS has not issued final responses to these requests as of this writing.

85.     As thirty working days have elapsed without a substantive determination by OSD/JS regarding Req. No. 20-F-0721, Legal Eagle has exhausted all required administrative remedies.

86.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by OSD/JS of said right.

**EIGHTH CAUSE OF ACTION**

**(OSD/JS – EXPEDITED PROCESSING DENIAL – 20-F-0721, 20-F-1127)**

87.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

88.     Legal Eagle demonstrated that there was an urgent need of a requester primarily engaged in disseminating information (itself) to inform the public about an actual or alleged Federal Government activity (the prepublication review of Bolton's manuscript).

89.     OSD/JS denied Legal Eagle's requests for expedited processing for both of the Bolton Notes Requests.

90.     Legal Eagle has a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by OSD/JS of said right.

## NINTH CAUSE OF ACTION

## (NSD – CONSTRUCTIVE RECORDS DENIAL – 20-220, UNKNOWN NO. 3)

91.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

92.     On 18 February 2020, Legal Eagle submitted to NSD a DOJ-specific version of the 1st Bolton Notes Request.

93.     Legal Eagle requested expedited processing of this request and a public interest fee waiver, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book.

94.     On 3 March 2020, NSD acknowledged receipt of this request and assigned it Req. No. 20-220. NSD granted Legal Eagle's request for expedited processing and did not adjudicate its request for a public interest fee waiver.

95.     On 26 May 2020, Legal Eagle submitted to NSD a DOJ-specific version of the 2d Bolton Notes Request.

96.     As of this writing, NSD has not acknowledged this request.

97.     Legal Eagle reasonably anticipates that NSD will grant Legal Eagle's request for expedited processing.

98.     NSD has not issued final responses to these requests as of this writing.

99.     As twenty working days have elapsed without a substantive determination by NSD regarding these requests, Legal Eagle has exhausted all required administrative remedies.

100.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by NSD of said right.

## TENTH CAUSE OF ACTION

## (OLC – CONSTRUCTIVE RECORDS DENIAL – FY20-051, UNKNOWN NO. 4)

101.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

102.    On 18 February 2020, Legal Eagle submitted to OLC a DOJ-specific version of the 1st Bolton Notes Request.

103.    Legal Eagle requested expedited processing of this request and a public interest fee waiver, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book.

104.    On 25 February 2020, OLC acknowledged receipt of this request and assigned it Req. No. FY20-051. OLC granted Legal Eagle's request for expedited processing and did not adjudicate its request for a public interest fee waiver.

105.    On 26 May 2020, Legal Eagle submitted to OLC a DOJ-specific version of the 2d Bolton Notes Request.

106.    As of this writing, OLC has not acknowledged this request.

107.    Legal Eagle reasonably anticipates that OLC will grant Legal Eagle's request for expedited processing.

108.    OLC has not issued final responses to these requests as of this writing.

109.    As twenty working days have elapsed without a substantive determination by OLC regarding these requests, Legal Eagle has exhausted all required administrative remedies.

110.    Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by OLC of said right.

## ELEVENTH CAUSE OF ACTION

## (STATE – CONSTRUCTIVE RECORDS DENIAL – F-2020-03753, UNKNOWN NO. 5)

111.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

112.     On 18 February 2020, Legal Eagle submitted to State a State-specific version of the 1st Bolton Notes Request.

113.     Legal Eagle requested expedited processing of this request and a public interest fee waiver, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book.

114.     On 20 February 2020, State acknowledged receipt of this request and assigned it Req. No. F-2020-03753. State denied Legal Eagle's request for expedited processing and did not adjudicate its request for a public interest fee waiver.

115.     On 26 May 2020, Legal Eagle submitted to State a State-specific version of the 2d Bolton Notes Request.

116.     As of this writing, State has not acknowledged this request.

117.     Legal Eagle reasonably anticipates that State will deny Legal Eagle's request for expedited processing.

118.     State has not issued final responses to these requests as of this writing.

119.     As twenty working days have elapsed without a substantive determination by State regarding these requests, Legal Eagle has exhausted all required administrative remedies.

120.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by State of said right.

## TWELFTH CAUSE OF ACTION

## (STATE – EXPEDITED PROCESSING DENIAL – F-2020-03753, UNKNOWN NO. 5)

121.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

122.    Legal Eagle demonstrated that there was an urgent need of a requester primarily engaged in disseminating information (itself) to inform the public about an actual or alleged Federal Government activity (the prepublication review of Bolton's manuscript).

123.    State denied Legal Eagle's request for expedited processing for the 1st Bolton Notes Request and has not made a determination within ten days regarding the 2d Bolton Notes Request.

124.    Legal Eagle has a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by State of said right.

## THIRTEENTH CAUSE OF ACTION

## (ODNI – CONSTRUCTIVE RECORDS DENIAL – DF-2020-00253)

125.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

126.    On 18 February 2020, Legal Eagle submitted to ODNI an ODNI-specific version of the 1st Bolton Notes Request.

127.    Legal Eagle requested expedited processing of this request and a public interest fee waiver, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book.

128.     On 28 May 2020, ODNI acknowledged receipt of this request and assigned it Req. No. DF-2020-00253. State denied Legal Eagle's request for expedited processing and granted its request for a public interest fee waiver.

129.     ODNI has not issued a final response to this request as of this writing.

130.     As twenty working days have elapsed without a substantive determination by ODNI regarding this request, Legal Eagle has exhausted all required administrative remedies.

131.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by ODNI of said right.

## FOURTEENTH CAUSE OF ACTION

## (ODNI – EXPEDITED PROCESSING DENIAL – DF-2020-00253)

132.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

133.     Legal Eagle demonstrated that there was an urgent need of a requester primarily engaged in disseminating information (itself) to inform the public about an actual or alleged Federal Government activity (the prepublication review of Bolton's manuscript).

134.     ODNI denied Legal Eagle's request for expedited processing for this request.

135.     Legal Eagle has a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by ODNI of said right.

## *PART III: PREPUBLICATION REVIEW RULES*

## FIFTEENTH CAUSE OF ACTION

## (RAISMD – RECORDS DENIAL – UNKNOWN NO. 6)

136.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

20

137.    On 3 March 2020, Legal Eagle submitted to RAISMD a FOIA request for "all current regulations, policy statements, guidelines, memoranda, training materials, handbooks, manuals, checklists, worksheets, instructions, and similar documents which provide direction for officials performing prepublication review of documents submitted to your office."

138.    Legal Eagle requested expedited processing of this request and a public interest fee waiver, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book.

139.    Legal Eagle also stated, "In anticipation of your potential argument that your office is not subject to FOIA, we are familiar with the relevant case law on the matter, and we do not dispute that the National Security Council *as a whole* is not an agency for the purposes of FOIA because it lacks independent decisionmaking authority. However, the Access Management Directorate *does* possess independent decisionmaking authority and does *not* exist solely to advise the President, and as such, your office *is* an agency for the purposes of FOIA, more like the Office of Management and Budget and the Council on Environmental Quality than like the rest of the National Security Council."

140.    On 9 March 2020, RAISMD acknowledged receipt of this request and refused to process it, stating, "As an organization in the Executive Office of the President that advises and assists the President, the National Security Council is not subject to the FOIA."

141.    Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by RAISMD of said right.

### SIXTEENTH CAUSE OF ACTION

### (RAISMD – EXPEDITED PROCESSING DENIAL – UNKNOWN NO. 6)

142.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

143.    Legal Eagle demonstrated that there was an urgent need of a requester primarily engaged in disseminating information (itself) to inform the public about an actual or alleged Federal Government activity (the prepublication review of Bolton's manuscript).

144.    By refusing to process Legal Eagle's request, RAISMD necessarily denied its request for expedited processing.

145.    Legal Eagle has a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by RAISMD of said right.

### SEVENTEENTH CAUSE OF ACTION

### (GWB LIBRARY – CONSTRUCTIVE RECORDS DENIAL – 2020-0171-F)

146.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

147.    On 18 February 2020, Legal Eagle submitted to the GWB Library a FOIA request for "all regulations, policy statements, guidelines, memoranda, training materials, handbooks, manuals, checklists, worksheets, instructions, and similar documents which provided direction for officials who performed prepublication review of documents submitted to [the NSC]."

148.    Legal Eagle requested expedited processing of this request, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book. Legal Eagle further explained, "While these guidance documents will obviously not be about this book—and may not even be current—they are still directly related to the topic of widespread

media interest, since very little is known about the prepublication review process used by the NSC, and the rules used by the George W. Bush administration are the most recent such documents readily accessible by the public."

149.    On 27 February 2020, the GWB Library acknowledged receipt of this request and assigned it Req. No. 2020-0171-F. The GWB Library denied Legal Eagle's request for expedited processing.

150.    The GWB Library has not issued a final response to this request as of this writing.

151.    As twenty working days have elapsed without a substantive determination by the GWB Library regarding this request, Legal Eagle has exhausted all required administrative remedies.

152.    Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by NARA of said right.

## EIGHTEENTH CAUSE OF ACTION

## (GWB LIBRARY – EXPEDITED PROCESSING DENIAL – 2020-0171-F)

153.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

154.    Legal Eagle demonstrated that there was an urgent need of a requester primarily engaged in disseminating information (itself) to inform the public about an actual or alleged Federal Government activity (the prepublication review of Bolton's manuscript).

155.    The GWB Library denied Legal Eagle's request for expedited processing for this request.

156.    On 26 May 2020, Legal Eagle submitted an appeal to NARA, stating, "We succinctly demonstrated that knowledge about how the George W. Bush White House handled

prepublication review would still be of significant informational value to the public when discussing the treatment of Amb. Bolton's book, since it is likely to be substantially similar to the current process, about which almost nothing is known outside the White House itself. This easily satisfies the test for expedited processing, given the widespread media interest in the publication of this (and other) books written by White House officials."

157.    On 27 May 2020, NARA acknowledged receipt of this appeal and assigned it Appeal No. NGC20-045A.

158.    Legal Eagle has a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by NARA of said right.

**NINETEENTH CAUSE OF ACTION**

**(OLC – CONSTRUCTIVE RECORDS DENIAL – FY20-052, UNKNOWN NO. 7)**

159.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

160.    On 18 February 2020, Legal Eagle submitted to OLC a FOIA request for all OLC opinions discussing prepublication review.

161.    Legal Eagle requested expedited processing of this request and a public interest fee waiver, citing to the extensive public interest in the prepublication review process in general and as applied to Bolton's book.

162.    On 25 February 2020, OLC acknowledged receipt of this request and assigned it Req. No. FY20-052. OLC granted Legal Eagle's request for expedited processing and did not adjudicate its request for a public interest fee waiver.

163.    On 26 May 2020, Legal Eagle submitted to OLC a FOIA request for all records responsive to Req. No. FY20-052 which were created since the cutoff date of that request.

164.    As of this writing, OLC has not acknowledged this request.

165.    Legal Eagle reasonably anticipates that OLC will grant Legal Eagle's request for expedited processing.

166.    OLC has not issued final responses to these requests as of this writing.

167.    As twenty working days have elapsed without a substantive determination by OLC regarding these requests, Legal Eagle has exhausted all required administrative remedies.

168.    Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by OLC of said right.

### *PART IV: FOIA PROCESSING MATERIALS*

### TWENTIETH CAUSE OF ACTION

### (STATE – CONSTRUCTIVE RECORDS DENIAL – F-2020-05632)

169.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

170.    On 26 May 2020, Legal Eagle submitted to State a FOIA request for "the completed Request for Expeditious Processing Worksheet (Form No. RC-WK-7.5.1b-1), Fee Waiver Worksheet (Form No. RC-WK-7.5.1b-2), and FOIA/PA Request Checklist (Form No. RC-WK-7.5.1b-3)" for the 1st Bolton Notes Request. Legal Eagle added, "If these forms have been superseded by other forms, please consider this request to be for the newer forms."

171.    On 26 May 2020, State acknowledged receipt of this request and assigned it Req. No. F-2020-05632.

172.    State has not issued a final response to this request as of this writing.

173.    As twenty working days have elapsed without a substantive determination by State regarding this request, Legal Eagle has exhausted all required administrative remedies.

174.    Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by State of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Legal Eagle, LLC prays that this Court:

(1)    Order the National Security Council Records Access and Information Security Management Directorate, Central Intelligence Agency, Department of Defense, Department of Justice, Department of State, National Archives and Records Administration, and Office of the Director of National Intelligence to release all requested records to it;

(2)    Order Defendants to expeditiously process the requests for which Legal Eagle requested expedited processing;

(3)    Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(4)    Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(5)    Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(6)    Grant such other relief as the Court may deem just and proper.

Date:   June 25, 2020

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*