IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEGAL EAGLE, LLC,**<br><br>          Plaintiff,<br><br>v.<br><br>**NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION MANAGEMENT DIRECTORATE,** *et. al.***,**<br><br>          Defendants. | Civil Action No. 1:20-cv-01732 (RC) |

## PARTIAL MOTION TO DISMISS

Pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss the National Security Council Records Access and Information Management Directorate (NSC-RAISMD) from this suit. Counts 1-4, 15 and 16, which name NSC-RAISMD specifically, should be dismissed. A memorandum of law in support of this motion is attached.

DATED: August 3, 2020

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Christopher R. Healy*

CHRISTOPHER R. HEALY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs

1

Branch 1100 L St, N.W.
Washington, D.C. 20530
Telephone: (202) 514-8095
Facsimile: (202) 616-8470
E-mail: Christopher.Healy@usdoj.gov

*Counsel for Defendant*s

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

BACKGROUND ..........................................................................................................................1

    I.    Factual and Procedural Background. ................................................................................1

    II.   Legal Background. ............................................................................................................3

STANDARD OF REVIEW ..........................................................................................................5

ARGUMENT ................................................................................................................................6

    I.    The NSC is Not an Agency Subject to FOIA, Which is Dispositive Here. .........................6

    II.   A Unit Within a Federal Entity Must Be Treated like its Parent Entity When Determining Agency Status Under FOIA. ..............................................................................................7

    III.  Plaintiff Has Not Sufficiently Pled that the NSC-RAISMD is an Agency. .........................9

CONCLUSION ...........................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**

*Abhe & Svoboda, Inc. v. Chao*,
    508 F.3d 1052 (D.C. Cir. 2007) ................................................................................................ 6

*Alexander v. FBI*,
    691 F. Supp. 2d 182 (D.D.C. 2010) .......................................................................................... 8

*Armstrong v. Exec. Office of the President*,
    90 F.3d 553 (D.C. Cir. 1996) .......................................................................................... *passim*

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................. 6

*Atherton v. D.C. Office of Mayor*,
    567 F.3d 672 (D.C. Cir. 2009), *cert. denied*, 559 U.S. 1039 (2010) ......................................... 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................................. 6

*Citizens for Responsibility & Ethics in Washington v. Office of Admin.*,
    559 F. Supp. 2d 9 (D.D.C. 2008), *aff'd*, 566 F.3d 219, 224-25 (D.C. Cir. 2009) ................. 5, 9

*Democracy Forward Found. v. White House Office of Am. Innovation*,
    356 F. Supp. 3d 61 (D.D.C. 2019) ................................................................................... 2, 5, 8

*Dep't of Navy v. Egan*,
    484 U.S. 518 (1987) ................................................................................................................ 11

*Franklin v. Massachusetts*,
    505 U.S. 788 (1992) .................................................................................................................. 3

*Johnson v. Comm'n on Presidential Debates*,
    202 F.Supp.3d 159 (D.D.C. 2016) ............................................................................................ 2

*Judicial Watch v. Dep't of Justice*,
    365 F.3d 1108 (D.C. Cir. 2004) ................................................................................................ 8

*Kissinger v. Reporters Comm. for Freedom of the Press*,
    445 U.S. 136 (1974) .......................................................................................................... 4, 8, 9

*Main Street Legal Svcs. v. NSC*,
    811 F.3d 542 (2d Cir. 2016) .................................................................................................. 6,7

*McGehee v. Casey*,
   718 F.2d 1137 (D.C. Cir. 1983) ................................................................................... 11

*Meyer v. Bush*,
   981 F.2d 1288 (D.C. Cir. 1993) ......................................................................... 4, 5, 10

*Nat'l Sec. Archive v. Archivist of the U.S.*,
   909 F.2d 541 (D.C. Cir. 1990) ......................................................................................5

*Pac. Legal Found. v. Council on Envtl. Quality*,
   636 F.2d 1259 (D.C. Cir. 1980) ....................................................................................5

*Rushforth v. Council of Econ. Advisers*,
   762 F.2d 1038 (D.C. Cir. 1985) ....................................................................................5

*Ryan v. Dep't of Justice*,
   617 F.2d 781 (D.C. Cir. 1980) ................................................................................. 8, 9

*Sculimbrene v. Reno*,
   158 F. Supp. 2d 26 (D.D.C. 2001) ................................................................................5

*Sherwood Van Lines, Inc. v. U.S. Dep't of Navy*,
   732 F. Supp. 240 (D.D.C. 1990) ...................................................................................8

*Sierra Club v. Andrus*,
   581 F.2d 895 (D.C. Cir. 1978) *rev'd on other grounds*, 442 U.S. 347 (1979) ............5

*Snepp v. U.S.*,
   444 U.S. 507 (1980) .................................................................................................. 11

*Soucie v. David*,
   448 F.2d 1067 (D.C. Cir. 1971) ........................................................................... 4, 5, 9

*Stewart v. Nat'l Educ. Ass'n,*
   471 F.3d 169 (D.C. Cir. 2006) ......................................................................................2

*Sweetland v. Walters*,
   60 F.3d 852 (D.C. Cir. 1995) ........................................................................................5

*Vasquez v. U.S. Dep't of Justice*,
   764 F. Supp. 2d 117 (D.D.C. 2011) ..............................................................................7

**Statutes**

5 U.S.C. § 552(a) ...............................................................................................................3

5 U.S.C. § 552(f)(1) ............................................................................................................... 3

50 U.S.C. § 3021 ..................................................................................................................... 2

50 U.S.C. § 3021(c) ................................................................................................................ 2

50 U.S.C. § 3021(e) ................................................................................................................ 2

50 U.S.C. §§ 3021(a)-(b) ........................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 5, 6

**Legislative Materials**

Exec. Order No. 13,526, 75 Fed. Reg. 1013 (Dec. 29, 2009) ............................................ 10, 11

H.R. Conf. Rep. No. 93-1380 (1974) ..................................................................................... 4

**Other Authorities**

National Security Presidential Memorandum 4 (NSPM-4) (April 4, 2017), *available at*
  https://www.whitehouse.gov/presidential-actions/national-security-presidential-memorandum-
  4/ ......................................................................................................................................... 2

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS**

**INTRODUCTION**

Circuit precedent holds that the National Security Council (NSC) is not an agency subject to the Freedom of Information Act (FOIA). *Armstrong v. Exec. Office of the President*, 90 F.3d 553, 560-61 (D.C. Cir. 1996). Indeed, Plaintiff's Amended Complaint concedes this critically important point. Am. Compl., ECF No. 5, at ¶ 47. Nevertheless, Plaintiff attempts to sue the NSC under FOIA on the theory that while the NSC undisputedly is not subject to FOIA, one of its sub-parts is. This sub-part, the NSC's Records Access and Information Management Directorate (NSC-RAISMD), however, is merely one office within an entity that exists solely to advise and assist the President. Because the NSC as a whole is *not* an agency under binding D.C. Circuit case law, none of its sub-parts is either. Plaintiff cannot assert a right under FOIA as to NSC-RAISMD that it does not have with respect to the NSC as a whole.

Moreover, even were the Court to consider whether NSC-RAISMD exercises substantial independent authority such that it is a separate agency subject to FOIA (which it should not), dismissal is still required. The Amended Complaint fails to state facts plausibly suggesting that NSC-RAISMD's pre-publication review function is not in support of the NSC's mission to advise and assist the President on matters of national security, which is the touchstone in determining whether an entity within the Executive Office of the President (EOP) is subject to FOIA. For all of these reasons, NSC-RAISMD should be dismissed from this suit, along with the particular claims against it.

**BACKGROUND**

**I.      Factual and Procedural Background.**

Under the National Security Act, the mandate of the Council is generally "to advise the

1

President with respect to the integration of domestic, foreign, and military policies relating to the national security" and to act "[c]onsistent with the direction of the President." National Security Act of 1947, 50 U.S.C. §§ 3021(a)-(b). The Council's members include the President, certain cabinet-level officials, and other officials as designated by the President. *Id.* § 3021(c). The President has issued a Presidential Memorandum directing that the Assistant to the President for National Security Affairs (APNSA), otherwise known as the National Security Advisor, be a regular attendee of the Council. *See* National Security Presidential Memorandum-4 (NSPM-4) (April 4, 2017), *available at* https://www.whitehouse.gov/presidential-actions/national-security-presidential-memorandum-4/ (last visited July 31, 2020).[1] The President has also directed, consistent with the National Security Act, that the Council will have a staff to "advise the President, [and] the National Security Advisor." *Id.*[2] Organizationally, the NSC and the NSC staff are within the Executive Office of the President (EOP). NATIONAL SECURITY COUNCIL, *available at* https://www.whitehouse.gov/nsc/.

On June 25, 2020, Plaintiff brought this FOIA action against putative defendants NSC-RAISMD, Central Intelligence Agency (CIA), Department of Defense (DOD), Department of

---

[1] This Court may take judicial notice of government documents available from reliable sources without conversion to a motion for summary judgment. *See*, *e.g.*, *Democracy Forward Found. v. White House Office of Am. Innovation*, 356 F. Supp. 3d 61, 63 n.2 (D.D.C. 2019); *see also Johnson v. Comm'n on Presidential Debates*, 202 F.Supp.3d 159, 167 (D.D.C. 2016); *Stewart v. Nat'l Educ. Ass'n,* 471 F.3d 169, 173 (D.C. Cir. 2006) ("In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice.").

[2] Both the National Security Council and the staff of the National Security Council are commonly and colloquially referred to as the 'NSC.' *See, e.g.*, *Armstrong*, 90 F.3d at 556, 560 (discussing both NSC statutory council and NSC staff). The National Security Council is the body that advises the President, which includes the APNSA among its regular attendees. *See* 50 U.S.C. § 3021. The APNSA, in turn, is supported by the staff of the National Security Council. *See id.* The term "NSC" as used in this motion, unless otherwise stated, includes both the advisory entity and the staff.

Justice (DOJ), Department of State (State), National Archives and Records Administration (NARA), and Office of the Director of National Intelligence (ODNI).  Plaintiff seeks records related to the prepublication review process of a book, *The Room Where it Happened*, written by former APNSA John R. Bolton.  *See generally* Compl., ECF No. 1; Am. Compl., ECF No. 5.  On July 16, 2020, Plaintiff filed an Amended Complaint with updated information about certain of Defendants' responses to Plaintiff's requests.  *See* Am. Compl., ECF No. 5.  Plaintiff brings twenty-one (21) causes of action, each under FOIA, alleging improper records denial, constructive records denial, and expedited processing denial.  *See generally* Am. Compl.  Counts 1-4, 15, and 16.  Plaintiff specifically names NSC-RAISMD, and claims that, although NSC "*as a whole*" is not an agency under FOIA, its sub-part NSC-RAISMD is subject to FOIA because it purportedly "possess[es] independent decisionmaking authority and does *not* exist solely to advise the President."  *See id.* ¶ 47 (emphasis in original).

 Plaintiff served its initial complaint upon the Office of the United States Attorney on July 6, 2020.  *See* ECF No. 4 (Return of Service/Affidavit).  Plaintiff amended its complaint on July 16, 2020.  *See* ECF No. 5 (First Amended Complaint).  Defendants now bring this partial motion to dismiss NSC-RAISMD from this suit (including Counts 1-4, 15, and 16), because it is part of NSC, which longstanding Circuit precedent holds is not an agency subject to FOIA.

**II.     Legal Background.**

The FOIA requires "each agency" to make certain information available to the public, 5 U.S.C. § 552(a), but the Supreme Court has long recognized that the President of the United States is not an agency.  *See, e.g.*, *Franklin v. Massachusetts*, 505 U.S. 788, 801 (1992) (identifying separation of powers concerns and determining that the President is not an agency under the Administrative Procedure Act).  Even though FOIA was amended in 1974 to specify that an

"agency" includes "the Executive Office of the President," *see* 5 U.S.C. § 552(f)(1), the Supreme Court held that same year in *Kissinger v. Reporters Comm. for Freedom of the Press* that Congress was "unambiguous . . . in explaining that the 'Executive Office' does not include the Office of the President." 445 U.S. 136, 156 (1974); *see also Soucie v. David*, 448 F.2d 1067, 1071-72, 1081-82 (D.C. Cir. 1971) (identifying separation of powers concerns). Indeed, "[t]he Conference Report for the 1974 FOIA Amendments indicates that 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President' are not included within the term 'agency' under the FOIA." *Kissinger*, 444 U.S. at 156 (citing H.R. Conf. Rep. No. 93-1380, at 15 (1974)) (citing H.R. Conf. Rep. No. 93-1380, at 15 (1974)).

With the 1974 amendment, Congress "intend[ed] the result reached in *Soucie v. David*" H.R. Conf. Rep. No. 93-1380, at 15 (1974); *see also Meyer v. Bush*, 981 F.2d 1288, 1291 (D.C. Cir. 1993). *Soucie* held that the Office of Science and Technology Policy (OSTP), a component within the EOP, was an agency within the meaning of FOIA because it exercised "substantial independent authority in the exercise of specific functions." *Soucie*, 448 F.2d at 1073. Because OSTP had inherited from Congress "the function of evaluating federal programs" that had previously been assigned to the National Science Foundation, the Court found that OSTP's role was not solely "to advise and assist the President." *Id.* at 1075.

In *Meyer*, 981 F.2d at 1291, the D.C. Circuit further defined the contours of the test as to whether an entity within the EOP is an agency subject to FOIA. There, this Circuit identified "three interrelated factors" relevant to such a determination. *See id.* These factors are (1) "how close operationally the group is to the President"; (2) "whether it has a self-contained structure"; and (3) "the nature of its delegat[ed]" authority. *Id.* Thus, "[t]he closer an entity is to the President, the more it is like the White House staff, which solely advises and assists the President, and the

4

less it is like an agency to which substantial independent authority has been delegated." *Armstrong*, 90 F.3d at 558 (interpreting *Meyer*, 981 F.2d at 1293).

Fundamentally, "every one of the EOP units that [the D.C. Circuit has] found to be subject to FOIA has wielded *substantial* authority independently of the President." *Sweetland v. Walters*, 60 F.3d 852, 854 (D.C. Cir. 1995) (emphasis added). Consistent with this precedent, courts tend to look to whether these EOP entities have independent regulatory or funding powers, or are otherwise imbued with significant statutory responsibilities, when determining agency status under FOIA.[3] Applying these standards, this Circuit has found that the NSC is not an agency subject to FOIA. *Armstrong*, 90 F.3d at 560-61.

## STANDARD OF REVIEW

Rule 12(b)(6) provides that a party may challenge the sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

---

[3] *See, e.g.*, *Soucie*, 448 F.2d at 1073-75 (OSTP was an agency because it had independent authority to initiate, fund, and review research programs and scholarships); *Pac. Legal Found. v. Council on Envtl. Quality*, 636 F.2d 1259, 1262 (D.C. Cir. 1980) (Council for Environmental Quality (CEQ) was an agency because it has the power to issue guidelines and regulations to other federal agencies); *Sierra Club v. Andrus*, 581 F.2d 895, 902 (D.C. Cir. 1978) *rev'd on other grounds*, 442 U.S. 347 (1979) (Office of Management and Budget (OMB) was an agency because, *inter alia*, it has a statutory duty to prepare the annual federal budget); *but see, e.g.*, Armstrong v. Exec. Office of the President, 90 F.3d 553, 560-61 (D.C. Cir. 1996) (NSC is not an agency because it "operates in close proximity to the President, who chairs it, and because the NSC does not exercise substantial independent authority"); *Meyer,* 981 F.2d at 1294 (President Reagan's Task Force on Regulatory Relief was not an agency because, while it reviewed proposed rules and regulations, it could not itself *direct* others to take action); *Rushforth v. Council of Econ. Advisers*, 762 F.2d 1038, 1042 (D.C. Cir. 1985) (Council of Economic Advisors (CEA) was not an agency because, *inter alia*, it lacks regulatory or funding power); *Citizens for Responsibility & Ethics in Washington v. Office of Admin.* ("*CREW v. OA*"), 559 F. Supp. 2d 9, 26–27 (D.D.C. 2008), *aff'd*, 566 F.3d 219, 224-25 (D.C. Cir. 2009) (Office of Administration (OA), which provides which provides "operational and administrative support of the work of the President and his EOP staff," including IT and records support, was not an agency); *Sculimbrene v. Reno*, 158 F. Supp. 2d 26, 35-36 (D.D.C. 2001) (White House Office not an agency); *Nat'l Sec. Archive v. Archivist of the U.S.*, 909 F.2d 541, 545 (D.C. Cir. 1990) (White House Counsel's Office within the White House Office, is not an agency); *Democracy Forward Found.*, 356 F. Supp. 3d at 65 (Office of American Innovation, within the White House Office, is not an agency).

When evaluating a motion to dismiss for failure to state a claim, the district court must accept as true the well-pleaded factual allegations contained in the complaint. *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, 559 U.S. 1039 (2010). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In deciding a motion to dismiss under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and information about which the Court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

## **ARGUMENT**

### **I.     The NSC is Not an Agency Subject to FOIA, Which is Dispositive Here.**

This Circuit determined conclusively in *Armstrong* that the NSC is not an agency subject to FOIA because it exists solely to advise and assist the President. *Armstrong v. Exec. Off. of the President*, 90 F.3d 553 (D.C. Cir. 1996); *see also Main Street Legal Svcs. v. NSC*, 811 F.3d 542 (2d Cir. 2016) (same). The Plaintiff does not challenge this binding precedent; indeed, it concedes that the NSC is not subject to FOIA. *See* Am. Compl. ¶ 47. It also concedes that the NSC-RAISMD is part of the NSC. *Id*. ¶ 4. These concessions are dispositive in this case.

In *Armstrong*, the D.C. Circuit determined that the NSC is "proximate" to the President: "The President chairs the statutory Council, and his National Security Adviser, working in close

contact with and under the direct supervision of the President, controls the NSC staff." *Armstrong*, 90 F.3d at 561. The court also determined that the NSC "exercises no substantial authority either to make or to implement policy," and that its "staff's functions are . . . quintessentially advisory." *Id.* The *Armstrong* court came to this conclusion notwithstanding the fact that NSC "has a structure sufficiently self-contained that the entity could exercise substantial independent authority," *id.* at 560, because, in practice, it exercises no such independent authority. *Id.* at 561. The Second Circuit came to the identical conclusion that the NSC is not an agency under FOIA. *See Main Street Legal Svcs. v. NSC*, *supra*.

Significantly, and dispositive as to this motion, *Armstrong* treated the NSC as a whole, finding that its staff's functions, "are, of course, quintessentially advisory." *Armstrong*, 90 F.3d at 561. The court explicitly rejected the plaintiff's arguments that particular functions of the NSC demonstrated that it exercised substantial power independent from the President's. *See id.* at 562-565. In particular, the court considered the plaintiff's "detailed efforts to document a decisional role for the NSC staff," but found nevertheless that "the staff exercises no substantial authority either to make or to implement policy." *Id.* at 561. NSC-RAISMD is indisputably within NSC and part of the NSC staff. *See* Am. Compl. ¶¶ 4, 47. Thus, *Armstrong* determinatively decides the question here, and the counts against NSC-RAISMD should be dismissed on this basis alone.

## II. A Unit Within a Federal Entity Must Be Treated like its Parent Entity When Determining Agency Status Under FOIA.

There is no reason to consider or treat a particular office or sub-part within an entity as an agency subject to FOIA where its parent entity is not—and indeed, case law points to the contrary. We are aware of no instance where an office or sub-part within a non-FOIA entity has been treated

7

as an agency subject to FOIA.[4]

Plaintiff's argument would be akin to arguing that this Court is not an agency subject to FOIA, but the Office of the Clerk of Court may be if it exercises "substantial independent authority." This, of course, is nonsense—the Office of the Clerk of Court conducts important matters and exercises judgment in so doing, but does not have "substantial independent authority" separate from the Court. Its function is tied to and in furtherance of assisting the Court in the management and adjudication of cases and controversies. But the Court need not resort to hypothetical matters, because the Supreme Court and other courts in this district have already determined this parent/sub-part issue. The Supreme Court has held that the Office of the President is not an agency subject to FOIA. *Kissinger*, 445 U.S. at 156. The Office of Records Management—a unit within the Office of the President—accordingly was determined not to be an agency for purposes of FOIA and the Privacy Act. *Alexander v. FBI*, 691 F. Supp. 2d 182, 189-90 (D.D.C. 2010). The same conclusion was reached with respect to the Office of American Innovation, also a unit within the Office of the President. *Democracy Forward Found.*, 356 F. Supp. 3d at 65. Plaintiff's theory is unsupported and illogical—an entity (NSC) that itself lacks substantial independent authority, and exists only to advise and assist the President, cannot have a subordinate sub-part (NSC-RAIMSD) that operates independently.

In *Ryan*, the D.C. Circuit further demonstrated that such an approach is neither "realistic" nor "intended." *Ryan v. Dep't of Justice*, 617 F.2d 781, 788 (D.C. Cir. 1980). There, the court

---

[4] Indeed, NSC-RAISMD is not even appropriately named as defendant, as under FOIA, the parent agency constitutes the proper party defendant. *See, e.g.*, *Vasquez v. U.S. Dep't of Justice*, 764 F. Supp. 2d 117, 119 (D.D.C. 2011) ("Defendants argue that the NCIC, the FBI and the OIP are not proper parties to this action. Technically, they are correct. The FOIA provides a cause of action only against federal agencies."); *Sherwood Van Lines, Inc. v. U.S. Dep't of Navy,* 732 F. Supp. 240, 241 (D.D.C. 1990).

8

found that the Attorney General's records were "agency records" subject to FOIA, notwithstanding that the Attorney General sometimes functions in "a purely advisory capacity to the President." 617 F.2d at 787; *see also Judicial Watch v. Dep't of Justice*, 365 F.3d 1108, 1119 (D.C. Cir. 2004) ("The court in *Ryan* rejected a functional approach."). *Ryan* held that under FOIA, "depending on its general nature and functions, a particular unit *is either an agency or it is not.  Once a unit is found to be an agency, this determination will not vary according to its specific function.*" *Ryan*, 617 F.2d at 788 (emphasis added). Like DOJ in *Ryan*, NSC as a whole "is either an agency or it is not." *Id.* It is not. *See Armstrong*, 90 F.3d at 562-565. Plaintiff's attempt to parse out a singular, specific function does not alter that determination.

Indeed, this was the thrust of the *Armstrong* ruling, which recognized that *no part* of NSC was an agency *notwithstanding* plaintiff Armstrong's contentions that the President had purportedly delegated his authority to NSC "in a number of specific areas." *See Armstrong*, 90 F.3d at 561-52 (for example, a seldom-invoked provision of an executive order that allegedly authorized NSC to hear appeals from an office outside the EOP was not "the indicium of an entity with substantial independence"). Such a rule would make little sense—every EOP entity contains at least some sub-parts and offices that support the mission of the entity in advising and assisting the President. *Cf., e.g.*, *CREW v. OA*, 559 F. Supp. 2d at 24. A rule that considers such sub-parts to be agencies subject to FOIA would allow any Plaintiff to assert a FOIA right to presidential documents simply by serving FOIA requests on particular offices with possession or control over such documents. This would present exactly the separation of powers concerns that *Kissinger* and *Soucie* sought to avoid. *See Kissinger,* 445 U.S. at 156; *see also Soucie*, 448 F.2d at 1080-81 (Wilkey, J., concurring). This Court, too, should steer clear of approving such a patchwork regime.

9

### III.     **Plaintiff Has Not Sufficiently Pled that the NSC-RAISMD is an Agency.**

Even if this Court were to examine NSC-RAISMD on its own, Plaintiff's scant allegations, even if taken as true, do not plausibly allege that NSC-RAISMD is an agency under FOIA. To the contrary, Plaintiff alleges that NSC-RAISMD is "responsible for conducting prepublication review for NSC personnel," Am. Compl. ¶ 19, and that it "bears primary responsibility for the classification review of written works submitted to the NSC for the prepublication review process," *Id.* ¶ 4 (quoting Complaint from *U.S. v. Bolton*, No. 20-1580 (D.D.C)). Even taking as true these two allegations—the only allegations in the Amended Complaint that Plaintiff makes to support its theory—having "primary responsibility" for prepublication review would hardly render NSC-RAISMD an agency under FOIA with substantial authority independent of the NSC. NSC-RAISMD, if considered under *Meyer*'s three-factor test, would be resolved in the same way the NSC was: as a part of the NSC, it is operationally close to the President, *Armstrong*, 90 F.3d at 561; any self-contained structure of the NSC-RAISMD is greatly outweighed by its status as operationally close to the President; *id.* at 565; and the Plaintiff has not sufficiently pled that it has any delegated authority separate from the NSC's overall mission of advising and assisting the President on matters of national security. *See generally* Am. Compl.

Prepublication review is simply one mechanism by which Federal Government, including the NSC, ensures that classified information is protected from unauthorized release. *See* Exec. Order No. 13,526, 75 Fed. Reg. 1013 (Dec. 29, 2009) (prescribing standards for classification of government information). To receive access to classified information, government officials are required to sign a Non-Disclosure Agreement (NDA) that requires individuals to submit any "writing or preparation in any form, including a work of fiction," that includes or is derived from classified information both during the course of their access to such classified information "and

10

thereafter." *See, e.g.*, *U.S. v. Bolton*, No. 20-1580, ECF No. 1-1 (nondisclosure agreement of John Bolton). As numerous courts have recognized, prepublication review is one permissible way by which the Government may "protect substantial government interests by imposing reasonable restrictions on employee activities that in other contexts might be protected by the First Amendment." *McGehee v. Casey*, 718 F.2d 1137, 1142 (D.C. Cir. 1983) (quoting *Snepp v. U.S.*, 444 U.S. 507, 509 n.3 (1980)). As Plaintiff's Amended Complaint itself notes, "[a]n author generally submits a document to the prepublication review office of the agency which sponsors (or sponsored) his/her security clearance." Am. Compl. ¶ 17. Moreover, "[e]ach agency generally has a specific office responsible for conducting prepublication review, although prepublication review is often not the sole responsibility of such an office." *Id.* ¶ 18.

The NSC-RAISMD's role in prepublication review does not come anywhere close to rendering it an agency unto itself for FOIA purposes. Instead, its role in securing classified information from unauthorized release is a key aspect of the NSC staff's "quintessentially advisory" nature. *See Armstrong*, 90 F.3d at 561. Indeed, it is hard to imagine a role more integral to supporting the NSC's advice and assistance to the President than the ongoing protection of the highly sensitive national security information with which the NSC deals on a daily basis in order to execute its responsibilities to advise and assist the President. After all, the President retains ultimate authority over classified information. *See* Exec. Order No. 13,526 (President Obama prescribing, by the authority vested in him as President by the Constitution and laws of the United States, a system for classifying and safeguarding national security information); *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1987) ("[The President's] authority to classify and control access to information bearing on national security . . . flows primarily from this constitutional investment of power in the President"). Indeed, Plaintiff's acknowledgement that the Bolton manuscript was

subject to, and did undergo, an "additional review" by NSC staff after NSC-RAISMD's review, *see* Am. Compl. ¶ 31-32, underscores that NSC-RAISMD does *not* act with any substantial authority independent of the NSC with respect to prepublication review.  As Plaintiff's theory hinges on the allegation that NSC-RAISMC exercises independent authority with respect to the narrow and singular task of prepublication review, this acknowledgement undercuts the entirety of Plaintiff's claims.

Plaintiff's simple assertions that NSC-RAISMD engages in prepublication review, or is primarily responsible for it, changes nothing whatsoever about the structure of the NSC, its proximity to the President, or the nature of its delegation of authority that the *Armstrong* court found determinative of NSC's non-agency status.  *See Armstrong*, 90 F.3d at 561-56.  Beyond simply stating that NSC-RAISMD is responsible for NSC's prepublication review and reciting the legal standard for determining whether an entity is an agency subject to FOIA, *see* Compl. ¶ 4, 19, 47, 57, 138, Plaintiff alleges no facts that would allow this Court to conclude that NSC-RAISMD is an independent agency subject to FOIA.  NSC is not such an agency, and neither is NSC-RAISMD.

## CONCLUSION

For the foregoing reasons, NSC-RAISMD should be dismissed from this suit under Rule 12(b)(6), as should Claims 1-4, 15, and 16, which name NSC-RAISMD specifically.

| | |
|---|---|
| DATED: August 3, 2020 | Respectfully submitted, |
| | ETHAN P. DAVIS<br>Acting Assistant Attorney General |
| | ELIZABETH J. SHAPIRO<br>Deputy Director, Federal Programs Branch |
| | */s/ Christopher R. Healy* |

>CHRISTOPHER R. HEALY
>Trial Attorney
>U.S. Department of Justice
>Civil Division, Federal Programs
>Branch 1100 L St, N.W.
>Washington, D.C. 20530
>Telephone: (202) 514-8095
>Facsimile: (202) 616-8470
>E-mail: Christopher.Healy@usdoj.gov
>
>*Counsel for Defendant*s

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2020, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

>*/s/ Christopher R. Healy*
>
>Christopher R. Healy
>Trial Attorney, U.S. Department of Justice

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEGAL EAGLE, LLC,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION MANAGEMENT DIRECTORATE,** *et. al.*,<br><br>　　　　　　Defendants. | Civil Action No. 1:20-cv-01732 (RC)<br><br>**[PROPOSED] ORDER** |

　　　　The Court, having reviewed Defendants' Partial Motion to Dismiss, and for good cause shown, hereby GRANTS the motion. The National Security Council Records Access and Information Management Directorate (NSC-RAISMD) is hereby DISMISSED from this suit, as are Claims 1-4, 15, and 16, which name NSC-RAISMD specifically.


Date: _____　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　U.S. District Court Judge