## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LEGAL EAGLE, LLC,     \*
           \*
  Plaintiff,     \*
           \*
  v.        \*
           \*
NATIONAL SECURITY COUNCIL \*  Civil Action No. 1:20-cv-01732 (RC)
RECORDS ACCESS AND   \*
INFORMATION SECURITY   \*
MANAGEMENT DIRECTORATE, *et al.*, \*
           \*
  Defendants.    \*
           \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>PLAINTIFF'S MOTION TO EXPEDITE CASE</u>

  NOW COMES Plaintiff Legal Eagle, LLC ("Legal Eagle") to respectfully ask this Court to expedite its consideration of this case pursuant to the Federal Courts Civil Priorities Act ("Priorities Act"), 28 U.S.C § 1657.

  It is well-established that a court "shall expedite the consideration of any action . . . if good cause therefor is shown." *Id.* § 1657(a). The Priorities Act specifically states, "For purposes of this subsection, 'good cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* Even without the parenthetical, this case clearly implicates "a right under . . . a Federal Statute," but Congress *explicitly* included 5 U.S.C. § 552—the Freedom of Information Act ("FOIA")—to drive home the point that FOIA litigation in particular should be expedited in cases where "a request for expedited consideration has merit." The legislative history is especially informative on this point:

   The Committee included a definition of "good cause" to emphasize the type of factual inquiry which the court should make. The Committee wishes to preclude

clearly frivolous lawsuits from being granted expedited treatment merely by involving a statutory cause of action which had been given expedited status.

The Committee recognizes in Section 2(A) the special nature of Freedom of Information Act cases. This section recognizes the need to expedite hearings upon the showing of "good cause" and defines good cause as including a right under Section 552 of Title 5, The Freedom of Information Act (FOIA).

The Freedom of Information Act is a major tool through which the public and the press obtain information about their Government. *Prompt review of decisions denying access to Government information is critical to FOIA users and to the purposes of the Act.* Without such prompt review, Government officials can delay access to public records, and extended delays in court can encourage unjustified refusals to disclose information. Frequently, *the value of disclosed information is transitory. If this information is not released in a timely manner, it may be of no value at all.* Further, most FOIA cases do not involve extended discovery or testimony and therefore do not burden court dockets for extensive periods of time. Expedited action by the courts in these cases can reduce the opportunities to hamper reporting of Governmental activities, and *it is the intent of the committee that the "good cause" provision be liberally construed by the courts in granting requests for expedited consideration under the Freedom of Information Act.*

H.R. Rep. No. 98-985, at 4-5 (Aug. 31, 1984) (emphasis added) [hereinafter Priorities Act Report].

As is obvious from this legislative discussion, this is *not* the test for expedited processing of a request under FOIA, but a separate test established by Congress in a separate law—the Priorities Act. The above discussion is not from a Committee report from the FOIA legislative history, but from the report about the Priorities Act. Therefore, any discussion of whether or not Legal Eagle has met the test for "expedited processing" as FOIA defines the term would be a red herring in the context of this Motion. While it is true that Legal Eagle is seeking expedited processing of many of its FOIA requests,[1] the relief it is seeking here is something more basic—expedited consideration *of the case by the Court*—under a completely different statute. Simply put, regardless of whether the Court finds that *the agencies* should *process Legal Eagle's FOIA*

---

[1] (1st Am. Compl., Dkt. #5, ¶¶ 53, 59, 63, 76, 90, 123, 134, 144, 157 (filed July 16, 2020).)

*requests* quickly or slowly, the Priorities Act indicates that *this Court* should expeditiously adjudicate any matters about this case *before it*.

In light of Congress' stated intent "that the 'good cause' provision be liberally construed by the courts in granting requests for expedited consideration under the Freedom of Information Act," Priorities Act Report at 5, the threshold for satisfying this requirement is low—significantly lower than the threshold for showing entitlement to "expedited processing" under FOIA. As such, it would be inappropriate for the Court to impose a significant burden on requesters seeking relief under the Priorities Act, especially when the exact nature of the records being requested is only known to the Government. In this case, the requests in question pertain to a highly-publicized dispute over a book written by the former National Security Advisor about a sitting President running for reelection in a little over two months, in which each side of the dispute has leveled serious allegations of misconduct against the opposition and the Department of Justice has even sued the author in federal court. Legal Eagle therefore has an urgent need to obtain the responsive records so that it can engage in the political process to inform the public about the facts underlying this bitter dispute so that the voters can make an informed decision in the forthcoming election.

As shown above, the rapidly approaching deadline past which the requested information has significantly less value—a deadline completely outside of Legal Eagle's control—constitutes a clear case for Legal Eagle's position that its request for expedited consideration has merit. Therefore, the Court should expedite its consideration of this case, and in particular the forthcoming dispositive motions, mindful of the fact that after it issues its decision on these motions, Defendants will need some quantum of time to implement it and search for and release the requested information (assuming *arguendo* that Legal Eagle prevails), and Legal Eagle will

need sufficient time to *use* the released information to engage in the political process before the election.[2] *See* Order, Dkt. #13 (filed Nov. 2, 2017) (expediting FOIA case where plaintiffs showed that information was needed in order to participate in the political process surrounding a state's decision whether or not to opt in to the National Public Safety Broadband Network before the deadline in two months), *Whitaker v. Dep't of Commerce*, No. 17-192 (D. Vt.).

Defendants oppose this Motion. A proposed Order accompanies this Motion.

Date:   August 22, 2020

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

---

[2] To the extent that this Motion might implicate the Court's 3 August 2020 Minute Order staying Defendants' Answer deadline, Legal Eagle maintains that the Court should reconsider its decision insofar as it indicated that Defendants' deadline "to respond to Plaintiff's Amended Complaint" is stayed. Defendants' counsel stated in that motion, "Defendants have conferred with Plaintiff, who has informed Defendants that it does not object to this motion," but that is not an accurate representation of Legal Eagle's position. The undersigned specifically stated, "Please list our position as 'Plaintiff does not believe an Answer would be useful in this case and accordingly does not oppose this motion insofar as it applies to an Answer. To the extent that the Government seeks a stay of its responsibility to address the other counts in the case, Plaintiff opposes this motion.'" Defendants' counsel replied, "Our motion is only seeking a stay as to the answer, and I plan on making clear that the motion is not asking for anything else," and then filed the motion inaccurately stating that "Plaintiff . . . has informed Defendants that it does not object to this motion" against the undersigned's explicit instructions. The Court should accordingly clarify that Defendants' deadline for *filing an Answer* is stayed, but that its deadline "to respond to Plaintiff's Amended Complaint"—which may take many forms, only one of which is an Answer—is not.