IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEGAL EAGLE, LLC,**<br><br>　　　　　　Plaintiff,<br>v.<br><br>**NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION MANAGEMENT DIRECTORATE,** *et. al.*,<br><br>　　　　　　Defendants. | Civil Action No. 1:20-cv-01732 (RC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE** |

　　　　Defendant respectfully provides this memorandum in opposition to Plaintiff's Motion to Expedite this case pursuant to 28 U.S.C. § 1657(a).  *See* ECF No. 11 ("Pl.'s Mot.").  Because Plaintiff has not demonstrated facts warranting expedition, the motion should be denied.

　　　　1.　　　Under 28 U.S.C. § 1657, the general expedition provision, courts "shall expedite the consideration of any action . . . for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown."  28 U.S.C. § 1657(a).  Good cause is shown where a constitutional or Federal statutory right, including under FOIA, "would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.*  As Plaintiff's motion points out, the statute indicates a Congressional intent to expedite FOIA cases that merit expedition.  *See* Pl.'s Mot. at 1-2 (citing legislative history).  Nonetheless, even in FOIA cases, expedition is not automatic.  The statute requires "case-by-case decision making," *Freedom Commc'ns Inc. v. F.D.I.C.,* 157 F.R.D. 485, 487 (C.D. Cal. 1994), that is, only "[l]itigants who can persuasively assert that there is a special public or private interest in expeditious treatment of their case will be able to use the general expedition provision." *House Report* at 4, 1984 U.S.C.C.A.N 5782.

2.      Absent such a showing, courts generally "adhere to the traditional civil litigation sequence . . . . [I]f [Plaintiff] does truly face imminent harm, the appropriate procedure would be for [Plaintiff] to move for a preliminary injunction, not for the Court to expedite [] briefing with no good cause shown." *G.Y.J.P. by & through M.R.P.S. v. Wolf*, No. 1:20-CV-01511 (TNM), 2020 WL 4192490, at *2 (D.D.C. July 21, 2020).  In evaluating a motion to expedite, Courts may look to whether a Plaintiff delayed filing its § 1657 motion to expedite for many weeks after filing the initial Complaint.  *Comm. on Ways & Means, U.S. House of Representatives v. U.S. Dep't of the Treasury*, No. 1:19-CV-01974, 2019 WL 4094563, at *1 (D.D.C. Aug. 29, 2019) ("The Committee's request comes seven weeks after it first filed the Complaint. . . . it is not clear why only now the Committee asks for expedited consideration of this matter.").

3.      Here, Plaintiff claims to have an "urgent need" for expediting the case because its requests pertain to a matter of public importance, and because there is an upcoming Presidential election.  *See* Pl.'s Mot at 3.  This showing is insufficient.  Scores of FOIA litigants who filed earlier than Plaintiff could credibly purport to seek information regarding matters of similar public importance, and every one of them also faces an upcoming Presidential election.  Plaintiff presents no reason why this case should take precedence over these earlier-filed cases.  Moreover, the timing of Plaintiff's motion belies its claim of urgent need, as Plaintiff waited nearly two months to file this motion.  *Cf. Ways & Means*, 2019 WL 4094563, at *1.

4.      Finally, as Plaintiff itself recognizes, Plaintiff's motion simply requests that *this case* move quickly.  But Plaintiff has already demonstrated it can control the pace of the case, for example, by filing of a partial motion for summary judgment challenging the agencies' administrative expedition decisions under FOIA, ECF No. 13.  For the reasons that will be described in Defendants' forthcoming opposition to Plaintiff's Partial Motion for Summary

Judgment, the Defendants' administrative decisions to deny expedition were proper, and Plaintiff's claims on this issue therefore fail.  Where FOIA provides Plaintiff no right to expedition, Plaintiff may not lean on this more general statute to attempt to obtain records more quickly.[1]

Plaintiff has not shown good cause for expedition under 28 U.S.C. § 1657, and the motion must therefore be denied.

DATED: September 8, 2020				Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Christopher R. Healy*
CHRISTOPHER R. HEALY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch 1100 L St, N.W.
Washington, D.C. 20530
Telephone: (202) 514-8095
Facsimile: (202) 616-8470
E-mail: Christopher.Healy@usdoj.gov

*Counsel for Defendant*s

**CERTIFICATE OF SERVICE**

---

[1] Plaintiff's motion includes a lengthy footnote that takes issue with the way that Defendants' counsel represented Plaintiff's position in Defendants' Motion to Stay the Answer Deadline, ECF No. 8.  It is not clear to Defendants what was meant by this footnote or its relevance to the instant motion.  Regardless, Defendants stand by their representation that Plaintiff did not oppose the stay motion, because the motion only sought an extension of the Answer deadline.  To the extent that Plaintiff is concerned that the non-NSC Defendants wish to file a motion to dismiss the remaining claims, Defendants clarify that they do not anticipate filing any such motion, although they reserve the right to do so.

I hereby certify that on September 8, 2020, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ Christopher R. Healy*

Christopher R. Healy
Trial Attorney, U.S. Department of Justice
