UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL EAGLE, LLC, | * |
| Plaintiff, | * |
| v. | * |
| NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, *et al.*, | *  Civil Action No. 1:20-cv-01732 (RC) |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE THEIR COMBINED OPPOSITION AND CROSS-MOTION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants ask this Court to extend their deadline for filing an opposition to Plaintiff's Cross-Motion for Partial Summary Judgment by ten days. They ask for this extension so that Defendants' counsel may continue working on filing a reply to the Government's Partial Motion to Dismiss today in its stead, which is decidedly *not* a time-sensitive motion, as contrasted with Plaintiff's motion about the urgent need for the agencies to process these records of significant public interest expeditiously. The Court should promptly deny Defendants' extension motion and order this opposition filed no later than 11 September 2020.[1]

Given the urgency of this matter, Plaintiff will not file a formal opposition brief to Defendants' extension motion, but will instead file a copy for the Court's review of the last-minute email correspondence exchanged between the parties' counsel, in which the undersigned offered multiple alternative schedules, including preemptively consenting to a short extension for

---

[1] As noted below, Plaintiff does not object to *any* extension of time, only to one of such length.

this opposition if the Government instead sought a longer extension for its reply to its own motion. (*See* Counsel's email correspondence, attached as Ex. A.) Despite the undersigned's best efforts to ensure that this Court was able to promptly adjudicate the most time-sensitive issues as soon as practicable, Defendants' counsel refused to compromise, stating, "I can't agree to any extension on the other, as my clients are pushing to file that on time." The Court should frown on Defendants' attempts to run out the clock on Plaintiff's extremely time-sensitive motion so that they can speed up the briefing of their own routine motion.

Regardless of whether the Court agrees that Plaintiff should prevail on its expedited processing claims, it cannot deny that a non-frivolous motion for expedited processing warrants more accelerated briefing and review than a motion to dismiss a party which has not even begun processing any requests.

Date:   September 8, 2020

                                            Respectfully submitted,

                                            /s/ Kelly B. McClanahan
                                            Kelly B. McClanahan, Esq.
                                            D.C. Bar #984704
                                            National Security Counselors
                                            4702 Levada Terrace
                                            Rockville, MD  20853
                                            301-728-5908
                                            240-681-2189 fax
                                            Kel@NationalSecurityLaw.org

                                            *Counsel for Plaintiff*