**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LEGAL EAGLE, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NATIONAL SECURITY COUNCIL | * | Civil Action No. 1:20-cv-01732 (RC) |
| RECORDS ACCESS AND | * | |
| INFORMATION SECURITY | * | |
| MANAGEMENT DIRECTORATE, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO EXPEDITE CASE**

On 17 June 2020, the Government implored Judge Lamberth in an "Emergency" Motion,

Emerg. Appl. Temp. Rest. Order & Motion Prelim. Inj., Dkt. #3, at 1 (filed June 17, 2020),

*United States v. Bolton*, No. 20-1580 (D.D.C.), to drop everything and focus on its case against

former National Security Advisor John Bolton because of the alleged urgency of the

prepublication review issues. Four months earlier, Plaintiff Legal Eagle, LLC ("Legal Eagle")

began filing Freedom of Information Act ("FOIA") requests about the facts behind this

"emergency." Three months later—but still three weeks before the Government filed its case—

Legal Eagle submitted new requests to ensure that all responsive records would be covered. It

filed its complaint in this case two days after the law allowed it to do so. As a matter of courtesy,

it allowed Defendants to take the entire 30-day period to respond, in hopes that Defendants

would voluntarily agree to resolve the more pressing issues in controversy, such as expedited

processing, in light of its public acknowledgement of the urgency of the matter in *Bolton*. This

act of courtesy, however, proved to be misguided, as Defendants now attempt to use it as

evidence of the lack of urgency. The Government appears to believe that there is only an urgent

need for a court to hear *its side* of the story. The Court should find that there is an equal urgency

for the public to learn the *entire* story.

This history distinguishes this case from *Committee on Ways & Means, U.S. House of

Representatives v. Department of the Treasury*, where Judge McFadden observed that "it is not

clear why only now the Committee asks for expedited consideration of this matter." No. 19-

1974, 2019 U.S. Dist. LEXIS 147260, at *3 (D.D.C. Aug. 29, 2019). In fact, Judge McFadden

highlighted the difference between the two cases in the paragraph immediately following the one

cited by Defendants, which Defendants neglect to include:

> Of course, most plaintiffs want quick resolutions of their cases. But Congress, of
> which the Committee is a part, has left it to the courts to "determine the order in
> which civil actions are heard and determined," with only a narrow set of cases that
> must skip to the front of the line. 28 U.S.C. § 1657(a). For example, courts "shall
> expedite the consideration of any action brought under . . . [the Recalcitrant Witness
> Statute]" or "any action for temporary or preliminary injunctive relief." *Id.*
> Congress also mandates priority for criminal cases, *see* 18 U.S.C. § 3161 *et seq.*
> (the Speedy Trial Act of 1974), *and encourages priority for FOIA cases*, *see* 28
> U.S.C. § 1657(a) (specifying claims under 5 U.S.C. § 552 as an example in which
> good cause for expediting may exist), which make up much of this Court's docket.
> Congress has authorized no similar fast-track for cases instituted by itself or its
> components.

*Id.* at *3-4 (emphasis added). In other words, Judge McFadden held that the specific case brought

by the House Committee did not warrant expedited treatment, *unlike FOIA cases, for which*

*priority is "encourage[d]."*

Defendants' reliance on another opinion of Judge McFadden's is even more dubious,

since they appear to suggest that the only "appropriate procedure" when there is a reason for a

case to be expedited "would be for [Plaintiff]  to move for a preliminary injunction." (Defs.'

Opp'n Pl.'s Mot. Expedite, Dkt. #15, at 2 (filed Sept. 8, 2020) [hereinafter Defs.' Opp'n]

(quoting *G.Y.J.P. by & through M.R.P.S. v. Wolf*, No. 20-1511, 2020 U.S. Dist. LEXIS 129513,

at *7-8 (D.D.C. July 21, 2020)).) This is obviously not an accurate statement of the law.

Moreover, once again Defendants omit the portion of the cited opinion which provides critical

context. This time, they omit the fact that the plaintiff in that case was seeking to force the

Government to "produce the administrative record and file an opening summary judgment brief

more than a month before the Government's Answer is due." 2020 U.S. Dist. LEXIS at *6. In

opposition, "[t]he Government . . . provided several reasons why it would be prejudiced by the

Court ordering it to respond to Plaintiff's Complaint more than a month earlier than required

under the Federal Rules of Civil Procedure." *Id.* at *7. This can be easily contrasted with the

instant Motion, where Legal Eagle is not asking the Court to order Defendants to do *anything*,

just to accelerate *its own adjudication* of issues after they are presented to it. Nor can Defendants

claim to be prejudiced by the Court making decisions faster than it might otherwise do so, except

to the extent that it affects Defendants' ability to delay the production of records as long as

possible under the guise of "waiting for the Court's decision."[1]

Defendants then cite the fact that there are other FOIA cases "regarding matters of similar

public importance" (*id.* at 2) which have not been expedited. Legal Eagle concedes the accuracy

of this statement, but it is meaningless as an argument. Should the plaintiffs in those cases

choose to file motions to expedite their cases pursuant to 28 U.S.C. § 1657(a), they too might

---

[1] For the same reasons, Defendants argue against a straw man—while revealing their true intentions—when they argue, "Where FOIA provides Plaintiff with no right to expedition, Plaintiff may not lean on this more general statute *to attempt to obtain records more quickly*." (Defs.' Opp'n at 3 (emphasis added).) Granting this Motion will not by itself require Defendants to produce responsive records at a greater rate than they would otherwise do so. The only way Legal Eagle would "obtain records more quickly" as a result of the Order it has requested in this Motion would be because the Court issued a decision against Defendants on some substantive issue sooner than it might otherwise do so. Defendants' only motivation in opposing this Motion is delay, not fear of prejudice. A party is not prejudiced when a Court rules against it in September instead of February.

warrant expedited treatment. Defendants are, in effect, asking the Court to deny a meritorious motion simply because other litigants chose not to file one in similar circumstances.

The frivolousness of this argument can best be demonstrated by an analogy. Everyone who applies for and receives need-based financial aid from the Department of Education has demonstrated that they possess a legitimate need for assistance. Not everyone who possesses a legitimate need for assistance applies for need-based financial aid from the Department of Education. Defendants argue that the people who *do* apply should be denied despite their showing of need simply because there are other equally deserving people who did not apply. There is no logic to this argument. The only question before the Court is whether or not *Legal Eagle* has shown a compelling need for *this case* to be expedited by *this Court*, not whether other cases should be expedited despite the fact that none of the plaintiffs requested it. Defendants argue that "Plaintiff presents no reason why this case should take precedence over these earlier-filed cases" (*id.*), but the reason is simple: Legal Eagle filed a meritorious motion and the other plaintiffs did not.

To the extent that Defendants suggest that Legal Eagle is asking for precedence over other earlier-filed cases *which were also expedited*, Legal Eagle concedes that this case should not take precedence over: (1) earlier-filed cases (2) before *this Court* (3) which the Court has afforded expedited treatment (4) when there is a direct competition for time or resources. This is, of course, not unusual, since it is how courts treat criminal cases, which must take priority over civil cases: every new criminal case does not leap ahead of earlier-filed criminal cases, but only takes priority over non-expedited civil cases when there is a direct competition for time or resources.

Defendants' final argument rests on yet another mischaracterization of this Motion. Defendants state that "Plaintiff has already demonstrated it can control the pace of the case" (*id.*), citing the fact that Legal Eagle filed its own dispositive motion on the question of expedited processing. Defendants appear to suggest that the fact that Legal Eagle has filed a motion before it had to means that *this Court* will *adjudicate* that motion more quickly than usual. While Legal Eagle—and the undersigned—would sincerely appreciate being given the authority to control the speed with which the Court decides cases, it appears from the record that such authority still lies with the Court itself. Accordingly, Legal Eagle respectfully asks the Court to use its own authority to assign a higher priority to this case than it does to other cases where 28 U.S.C. § 1657(a) does not apply.[2]

Accordingly, this Court should expedite its adjudication of all matters in this case pursuant to 28 U.S.C. § 1657(a). Currently, the matters ripe for adjudication are this Motion and Defendants' partial motion to dismiss,[3] and Legal Eagle's motion for partial summary judgment is expected to be ripe for adjudication within ten days.

---

[2] This also explains any perceived delay in Legal Eagle's filing of this Motion, or even of this Reply. Simply put, until briefing of Defendants' Partial Motion to Dismiss concluded last week, there was nothing for the Court *to adjudicate*, and so there was nothing to expedite. Had Legal Eagle attempted to file this Motion before Defendants filed their motion to dismiss, they would have made the same arguments the Government raised in *G.Y.J.P.* and complained that Legal Eagle was trying to deprive them of time they were entitled to under the Federal Rules. Legal Eagle does not at this time attempt to accelerate *briefing*, only *adjudication*, and that distinction is fatal to Defendants' argument.

[3] Defendants' partial motion to dismiss is particularly deserving of expedited adjudication, since the Court may elect to order discovery, conduct a hearing, or dismiss the counts without prejudice to allow Legal Eagle to file a Second Amended Complaint addressing any perceived inadequacies, any of which would necessarily delay the Court's final resolution of those counts.

Date:   September 15, 2020

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*