**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LEGAL EAGLE, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NATIONAL SECURITY COUNCIL | * | Civil Action No. 1:20-cv-01732 (RC) |
| RECORDS ACCESS AND | * | |
| INFORMATION SECURITY | * | |
| MANAGEMENT DIRECTORATE, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' CROSS-MOTION**
**FOR PARTIAL SUMMARY JUDGMENT AND REPLY IN SUPPORT**
**OF THEIR CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Legal Eagle, LLC ("Legal Eagle") brought this case against Defendants to obtain records under the Freedom of Information Act ("FOIA") from several federal agencies. After Defendants filed a motion to dismiss Counts 1, 2, 3, 4, 15, and 16 (Defs.' Part. Mot. Dismiss, Dkt. #9-1 (filed Aug. 3, 2020)), Legal Eagle opposed that motion and filed a cross-motion for partial summary judgment on Counts 2, 4, 6, 8, 12, 14, 16, and 18 (Pl.'s Cross-Mot. Part. Summ. J., Dkt. #13 (filed Aug. 25, 2020)). Despite the fact that they had already filed a dispositive motion, Defendants then attempted to file a purported cross-motion for partial summary judgment of their own—in effect a "cross-cross-motion"—at the same time as they filed their opposition to Legal Eagle's cross-motion. (Defs.' Opp'n Pl.'s Cross-Mot. Part. Summ. J., & Cross-Mot. Part. Summ. J., Dkt. #21 (filed Sept. 18, 2020).) Recognizing that this "cross-cross-motion" was improper, Legal Eagle did not file an opposition to it and only filed a reply to its own properly filed cross-motion. (Pl.'s Reply Supp. Cross-Mot. Part. Summ. J., Dkt. #25, at 1

n.1 (filed Sept. 25, 2020) ("[T]his brief is solely a Reply in support of Plaintiff's Cross-Motion, since Defendants' attempted Cross-Cross-Motion is not properly before the Court, and any filing styled as a 'Reply' to Defendants' improper motion will be correspondingly improper for want of an Opposition to reply *to*.").) Defendants then attempted to improperly file a reply to their improperly filed "cross-cross-motion." (Defs.' Reply. Supp. Cross Motion Part. Summ. J., Dkt. #26 (filed Oct. 2, 2020).)

As explained in the following memorandum, which has been included in this Motion due to its short length, both Defendants' Cross-Motion for Partial Summary Judgment (Dkt. #21) and their Reply in Support of their Cross-Motion for Partial Summary Judgment (Dkt. #26) should be struck.

Defendants oppose this Motion. A proposed Order is attached to this Motion.

**Memorandum of Points and Authorities**

It is well-established that federal district courts possess the power to administer their dockets in a manner that conserves scare judicial resources and promotes the efficient and comprehensive disposition of cases. One of the most commonly accepted concepts in civil litigation—especially FOIA litigation—in this District is that one party files a motion, the other party files an opposition, and the first party files a reply. If the second party wishes to file a cross-motion at the time of its opposition, it does so, and then that party gets to file a reply in support of its cross-motion. It is virtually unprecedented—and the undersigned has been unable to locate another case where it happened, despite significant research—for the first party to file a motion, then file *another* motion as a "cross-cross-motion" once the second party filed a cross-motion. This out-of-sequence filing makes a mess of the standard procedure and serves no purpose beyond giving the first party an additional brief on an issue it did not previously

demonstrate any interest in.[1] Simply put, if Defendants wished to seek partial summary judgment on Counts 2, 4, 6, 8, 12, 14, 16, and 18, they needed to do so when they filed their first dispositive motion,[2] and they cannot belatedly add to that motion with a "cross-cross-motion."[3] The Court should accordingly use its own inherent authority to strike both the "cross-cross-motion" and the reply filed in its support.[4]

In addition to the above-indicated reasons, the Court has another reason to strike Defendants' reply: it violates Local Civil Rule 7(d). That Rule clearly states, "Within seven days after service of the memorandum in opposition the moving party may serve and file a reply memorandum." (Local Civ. R. 7(d).) Because Legal Eagle neither filed nor served a "memorandum in opposition," Defendants may not "serve and file a reply memorandum." Its attempt to do so is accordingly improper and must be struck from the record.

---

[1] If the Court denies Legal Eagle's cross-motion, it will have the practical effect of removing the relevant counts from controversy anyway, thus demonstrating that the only thing Defendants had to gain by filing a "cross-cross-motion" was an extra bite at the apple.

[2] The fact that it was necessary to file these motions at the same time is most apparent when one considers that Defendants' briefs for the "cross-cross-motion" even attempt to incorporate the arguments about Counts 2, 4, and 16 from the previous briefs by reference. (Dkt. #21 at 10-11; Dkt. #26 at 2.)

[3] In anticipation of the potential allegation that Defendants had no way of knowing that Legal Eagle would file a cross-motion on those particular counts, the undersigned explicitly informed Defendants' counsel on 17 July 2020 that Legal Eagle would do so.

[4] To clarify, this would not result in completely striking Dkt. #21 from the record, since that filing also served as Defendants' opposition to Legal Eagle's cross-motion, albeit as Dkt. #22.

Date:   October 6, 2020

                                    Respectfully submitted,

                                      /s/ Kelly B. McClanahan
                                    Kelly B. McClanahan, Esq.
                                    D.C. Bar #984704
                                    National Security Counselors
                                    4702 Levada Terrace
                                    Rockville, MD  20853
                                    301-728-5908
                                    240-681-2189 fax
                                    Kel@NationalSecurityLaw.org

                                    *Counsel for Plaintiff*