**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LEGAL EAGLE, LLC,** | |
| Plaintiff, | |
| v. | Civil Action No. 20-1732 (RC) |
| **NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION MANAGEMENT DIRECTORATE,** *et. al.*, | |
| Defendants. | |

<u>**DEFENDANTS' ANSWER TO PLAINTIFFS AMENDED COMPLAINT**</u>

The remaining Defendants, by and through their undersigned counsel, provide the following Answer to Plaintiffs' Amended Complaint:

The unnumbered introductory paragraph is Plaintiffs' characterization of this action, to which no response is required.

1. This paragraph contains a legal conclusion as to jurisdiction, to which no response is required.

2. This paragraph contains a legal conclusion as to venue, to which no response is required.

3. Defendants are without sufficient knowledge to admit or deny the allegations in the first sentence of this paragraph.  The second sentence is a legal conclusion to which no response is required.

4. This paragraph pertains only to the National Security Council Records Access and Information Security Management Directorate (NSC-RAISMD), which has been dismissed from this suit.  *See* ECF No. 33.  The first sentence of this paragraph quotes from a document in another case, the contents of which speak for themselves.  The final

and penultimate sentences in this paragraph are legal conclusions to which no response is required.

5.  This paragraph contains legal conclusions, to which no response is required.

6.  Admit.

7.  This paragraph contains legal conclusions, to which no response is required.

8.  Admit.

9.  This paragraph contains legal conclusions, to which no response is required.

10. Admit.

11. This paragraph contains legal conclusions, to which no response is required.

12. This paragraph contains legal conclusions, to which no response is required.

13. Admit.

14. This paragraph contains legal conclusions, to which no response is required.

15. – 18. The allegations in these paragraphs consist of irrelevant factual assertions, to which no response is required. The allegations in these paragraphs also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis deny.

19.  The first sentence of this paragraph pertains to NSC-RAISMD, which has been dismissed from this suit.  No response is required.  Admit the remainder of the paragraph.

20.–36. The allegations in these paragraphs consist of irrelevant factual assertions, to which no response is required. The allegations in these paragraphs also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis deny.

37.   Defendants are without sufficient information to admit or deny the allegations in this paragraph.

38.   With respect to the first sentence, admit that Plaintiff submitted a series of FOIA requests in February 2020.  The remainder of this sentence is consists of Plaintiff's characterization of its intentions, which Defendants are without sufficient information to admit or deny, and for which no response is required.

39.   Defendants are without sufficient information to admit or deny what Plaintiff "reasonably anticipated."  To the extent a response is required, deny.

40.   Admit that Legal Eagle served FOIA requests on CIA, DOD, DOJ, State, and ODNI. Otherwise deny.

41.   This paragraph pertains to Plaintiff's requests to NSC-RAISMD, which has been dismissed form this case.  No response is required.

42.   Admit.

43.   Admit, except to aver that Plaintiff has now received final responses from several Defendants.

44.   Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

45 – 49.  Count 1 has been dismissed.  No response is required.

50.   Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

51 – 53.  Count 2 has been dismissed.  No response is required.

54.   Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

55 – 59.  Count 3 has been dismissed.  No response is required.

60.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

61 – 63.  Count 4 has been dismissed.  No response is required.

64.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

65 – 69.  CIA admits, but respectfully refers the Court to the cited request for the best evidence of its contents.

70.  Admit.

71.  This paragraph constitutes a legal conclusion, to which no response is required.

72.  This paragraph constitutes a legal conclusion, to which no response is required.

73.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

74.–76.  Count 6 has been dismissed.  No response is required.

77.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

78.  Admit that Legal Eagle submitted a request on 18 February 2020, but respectfully refer the Court to the request for a full and accurate statement of its contents.

79.  Admit that Legal Eagle requested expedited processing, but respectfully refer the Court to the request for a full and accurate statement of its contents.

80.  Admit the OSD/JS provided a response letter, except to aver that the date of the letter was February 20, 2020, but respectfully refer the Court to the response for a full and accurate statement of its contents.

81. Admit that OSD/JS denied the request for expedited processing, but respectfully refer the Court to the response for a full and accurate statement of its contents.

82. Admit that on 26 May 2020, Legal Eagle submitted a second FOIA request to OSD/JS, but respectfully refer the Court to the request for a full and accurate statement of its contents.

83. Admit that OSD/JS acknowledged receipt and assigned a request number, but aver that the response was sent on May 27, 2020.  DOD respectfully refers the Court to the response for a full and accurate statement of its contents.

84. Deny as to the first request, and aver that a no records response was sent on Feb 25, 2020.  Admit as to the second request as of the date of the complaint, but aver that a final response was sent in November 2020.

85. This allegation is a legal conclusion for which no response is required.

86. This allegation is a legal conclusion for which no response is required.

87. Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

88.–90.  Count 8 has been dismissed.  No response is required.

91. Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

92.  NSD admits receiving a FOIA request from Plaintiff on 18 February 2020, but respectfully refers the Court to the cited request for a full and accurate statement of its content.

93. NSD admits receiving a request for expedited processing and a public interest fee waiver, but respectfully refers the Court to the cited request for a full and accurate statement of its content.

94.  NSD admits receiving a request for expedited processing and a public interest fee waiver but respectfully refers the Court to the cited request for a full and accurate statement of its content.

95.  NSD admits receiving a FOIA request from Plaintiff on 26 May 2020, but respectfully refers the Court to the cited request for a full and accurate statement of its content.

96.  NSD admits that it had not responded as of the date of this Complaint but avers NSDs provided a final response as of 25 November 2020.

97.  This paragraph consists of Plaintiff's characterization of its intentions, which Defendants are without sufficient information to admit or deny, and for which no response is required.

98.  NSD admits that it did not provide a response as of the date of this complaint, but avers that it provided a final response on 25 November 2020.

99.  The allegations in this paragraph are a legal conclusion to which no response is required.

100.  The allegations in this paragraph are a legal conclusion to which no response is required.

101.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

102.  Admit that on 18 February 2020 Plaintiff submitted a FOIA request to OLC, but respectfully refer the Court to the cited request for a full and accurate statement of its content.

103.  Admit that Plaintiff requested expedited processing and a public interest waiver, but respectfully refer the Court to the cited request for a full and accurate statement of its content.

104.  Admit that on 25 February 2020, OLC acknowledged receipt of the request and assigned it a request number.  Further admit that it granted the request for expedited processing, but respectfully refer the Court to the response letter for a full and accurate statement of its content.

105.  Admit that on 26 May 2020 Plaintiff submitted a second FOIA request to OLC, but respectfully refer the Court to the cited request for a full and accurate statement of its content.

106.  Admit that on 26 June 2020, OLC acknowledged receipt of the request and assigned it a request number.  Defendants respectfully refer the Court to the cited response for a full and accurate statement of its content.

107.  Admit.

108.  The allegations in this paragraph are a legal conclusion to which no response is required.

109.  The allegations in this paragraph are a legal conclusion to which no response is required.

110.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

111.  State admits that on February 18, 2020, it received a FOIA request from Plaintiff, but respectfully refer the Court to the cited request for a full and accurate statement of its content.

112.  State admits that Plaintiff requested expedited processing and a public interest waiver, but respectfully refers the Court to the request for a full and accurate statement of its contents.

113.  State admits that it acknowledged receipt of the request and assigned it a request number, and that it denied its request for expedited processing but did not adjudicate its request for a public interest waiver, but respectfully refers the Court to the response for a full and accurate statement of its contents.

114.  State admits that on that date it received a FOIA request, but respectfully refer the Court to the request for a full and accurate statement of its content.

115.  Admit.

116.  The allegations in this paragraph are a legal conclusion to which no response is required.

117.  State admits that it had not sent Plaintiff a final response to FOIA request F-2020-03753 when the original Complaint was filed on June 25, 2020.  State avers, however, it has since released all records responsive to FOIA request F-2020-03753 and sent Plaintiff a final release determination letter.

118.  The allegations in this paragraph are a legal conclusion to which no response is required.

119.  The allegations in this paragraph are a legal conclusion to which no response is required.

120.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

121 – 123.  Count 12 has been dismissed.  No response is required.

124.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

125.  ODNI admits that on 18 February 2020, Legal Eagle submitted a FOIA request to ODNI, but respectfully refers the Court to the cited request for a full and accurate statement of its content.

126.  ODNI admits that Plaintiff requested expedited processing and a public interest waiver, but respectfully refers the Court to the cited request for a full and accurate statement of its content.

127.  ODNI admits that on 28 May 2020, ODNI acknowledged receipt of this request and assigned it a request number.  Deny the second sentence of this paragraph, which appears to mistakenly refer to the State Department.

128.  Admit.

129.  The allegations in this paragraph are a legal conclusion to which no response is required.

130.  The allegations in this paragraph are a legal conclusion to which no response is required.

131.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

132 – 134.  Count 14 has been dismissed.  No response is required.

135.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

136 – 140.  Count 15 has been dismissed. No response is required.

141.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

142 – 144.  Count 16 has been dismissed. No response is required.

145.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

146.  Admit.

147.  The Bush Library (NARA) admits that Plaintiff requested expedited processing of the request submitted on February 18, 2020.  The remaining portion of the first sentence in this paragraph contains Plaintiff's characterization of its request for expedited processing to which no response is required.  Admit that the request contained the quoted text in the second sentence of this paragraph, but respectfully refer the Court to the request for a full and accurate statement of its contents.

148.  Admit.

149.  Admit.

150.  The allegations in this paragraph are a legal conclusion to which no response is required.

151.  The allegations in this paragraph are a legal conclusion to which no response is required.

152.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

153 – 157.  Count 17 has been dismissed. No response is required.

158.  Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

159.  OLC admits that on 18 February 2020, Plaintiff submitted a FOIA request to OLC, but respectfully refers the Court to the cited request for a full and accurate statement of its contents.

160.  OLC admits that Plaintiff requested expedited processing and a public interest waiver, but respectfully refer the Court to the cited request for a full and accurate statement of its contents.

161.  OLC admits that on 25 February 2020, it acknowledged receipt of the request and assigned it a request number.  OLC respectfully refers the Court to the response for a full and accurate statement of its contents.

162.  OLC admits that on 26 May 2020, Plaintiff submitted a FOIA request to OLC, but respectfully refers the Court to the cited request for a full and accurate statement of its contents.

163.  OLC admits that on 26 June 2020, it acknowledged the receipt of the request and assigned it a request number, but respectfully refers the Court to the cited request for a full and accurate statement of its contents.

164.  Admit.

165.  The allegations in this paragraph are a legal conclusion to which no response is required.

166.  The allegations in this paragraph are a legal conclusion to which no response is required.

167. Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

168. State admit that on 26 May 2020, Plaintiff submitted a FOIA request to it, but respectfully refers the Court to the cited request for a full and accurate statement of its contents.

169. State admits that on 26 May 2020, it acknowledged receipt of the request and assigned it a request number, but respectfully refers the Court to the response for a full and accurate statement of its contents.

170. Admit.

171. The allegations in this paragraph are a legal conclusion to which no response is required.

172. The allegations in this paragraph are a legal conclusion to which no response is required.

173. Defendants repeat and incorporate the responses contained in all paragraphs set forth above.

174. ODS/JS admits that on 26 May 2020, Plaintiff submitted a FOIA request to it, but respectfully refers the Court to the cited request for a full and accurate statement of its contents.

175. ODS/JS admits that on 26 May 2020, it acknowledged receipt and assigned a request number, but respectfully refers the Court to the response for a full and accurate statement of its contents.

176. OSD/JS admits that on 29 May 2020, it issued a final response, and that the response included a partial withholding of certain documents pursuant to FOIA Exemptions (b)(5) and (b)(6), but respectfully refers the Court to the cited request for a full and accurate statement of its contents.

177.  Admit, but respectfully refer the Court to the response for a full and accurate statement of its contents.

178.  Admit, but respectfully refer the Court to the appeal document for a full and accurate statement of its contents.

179.  OSD/JS admits that on 9 June 2020, it acknowledged receipt of the appeal and assigned it an appeal number, but respectfully refers the Court to the response for a full and accurate statement of its contents.

180. OSD/JS admits as of the date of the complaint, but avers that a final response granting the appeal was sent in September 2020, and respectfully refers the Court to the response for a full and accurate statement of its contents.

181.  The allegations in this paragraph are a legal conclusion to which no response is required.

182.  The allegations in this paragraph are a legal conclusion to which no response is required.


Defendants deny that Plaintiffs are entitled to the relief requested in their Prayer for Relief, or to any relief whatsoever.   The Court has already denied Plaintiffs' request for relief as to expedited processing, so no further response is required.  Plaintiffs are not entitled to compel production of records protected from disclosure by one or more exemptions to the FOIA. Plaintiffs are not eligible or entitled to attorneys' fees.  The Court has already denied Plaintiffs' request to expedite this action pursuant to 28 U.S.C. § 1657(a), so no response is required.    Any allegation not specifically responded to is hereby denied.

## **DEFENSES**

1.   Defendants' actions did not violate FOIA or any other statutory or regulatory provision.

2.  Plaintiffs are not entitled to compel production of records protected from disclosure by one or
    more exemptions to the FOIA.

Dated: April 1, 2021                     Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Acting Assistant Attorney General

                                         ELIZABETH J. SHAPIRO
                                         Deputy Director, Federal Programs Branch

                                         */s/ Christopher R. Healy*
                                         CHRISTOPHER R. HEALY
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Civil   Division,   Federal   Programs
                                         Branch 1100 L St, N.W.
                                         Washington, D.C. 20530
                                         Telephone: (202) 514-8095
                                         Facsimile: (202) 616-8470
                                         E-mail: Christopher.Healy@usdoj.gov

                                         *Counsel for Defendants*

13