IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEGAL EAGLE, LLC,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION MANAGEMENT DIRECTORATE, *et. al.*,**<br><br>　　　　　Defendants. | Civil Action No. 20-1732 (RC) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL

　　　　Plaintiff has filed a motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Rule 54(b) of the Federal Rules of Civil Procedure, *see* ECF No. 34, arguing that the Court's dismissal of NSC-RAISMD "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because the motion is without merit, it should be denied.

　　　　Most fundamentally, there is no "substantial ground for difference of opinion" on the question of whether NSC-RAISMD is an agency subject to FOIA. 28 U.S.C. § 1292(b). Indeed, the Court's Memorandum Opinion ("Mem. Op.") recognized that *Armstrong v. Exec. Office of the President*, 90 F.3d 553 (D.C. Cir. 1996), answers the question squarely in the negative. *See* Mem. Op. at 9-10. The Court "perceive[d] no invitation in this Circuit's binding precedent to reevaluate whether subcomponents of the NSC, an entity that itself has been found to not 'exercise *any* significant non-advisory function,' . . . are agencies subject to FOIA." Mem. Op. at 10. "Where two Circuit courts have determined that the NSC as a whole functions in solely an

advisory capacity, '[a]ny duties the NSC assigns to its staff . . . must also be deemed only to advise' because the NSC 'can hardly confer on its staff more authority than it has itself." *Id.* (citing *Main Street Legal Svcs. v. Nat'l Sec. Council*, 811 F.3d 542, 554 (2d Cir. 2016)).

Plaintiff appears to misunderstand the Court's point when Plaintiff states that the Court did not find Plaintiff's position "lacking in merit," and "at least acknowledges that this question has not been specifically contemplated by the D.C. Circuit." *see* Pl.'s Mot. at 5 (citing Mem. Op. at 10).  In fact, the Court made clear that *Armstrong* and *Main Street* answer the legal question unequivocally, Mem. Op. at 10 n.2, and it found that Plaintiffs position "attempts to evade the key holdings" of those cases.  *Id.*  The Court also noted specifically that *Armstrong* "*did consider* the NSC's role in protecting classified information." *Id*. at 10 (emphasis added).  And neither Plaintiff nor the Court cited any authority that actually supported Plaintiff's position.  Thus, Plaintiff's interpretation of NSC-RAISMD's status under FOIA is not, as Plaintiff claims, "an unsettled question with fair arguments on both sides," Pl.'s Mot. at 4, but rather a strained legal theory "not rooted in the text or analysis of either decision," Mem. Op. at 10 n.2, and unsupported by "any cases in this district postdating *Armstrong*." *Id.* at 9.  Any ground for difference of opinion is far from substantial.  *See* 28 U.S.C. § 1292(b).

Nor would the proposed interlocutory appeal involve a "controlling question of law," 28 U.S.C. § 1292(b), because Plaintiff cannot show that an incorrect ruling would "require reversal" or "materially alter the course of litigation." *Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.*, 233 F. Supp. 2d 16, 28 (D.D.C. 2002).  In fact, in granting the partial motion to dismiss, the Court held in the alternative that the Amended Complaint failed to state facts sufficient to demonstrate that NSC-RAISMD exercised substantial independent authority from the President. *See* Mem. Op. at 9; *id.* at 11 n.3 ("Without any additional factual allegations speaking to the

independence of RAISMD or the nature of its delegated authority, Legal Eagle fails to allege a plausible claim."). This alternative holding appears not to form part of Plaintiff's requested interlocutory appeal, since Plaintiff does not attempt to demonstrate that there is a substantial ground for difference of opinion on the question whether the Amended Complaint contains sufficient facts. *See* Pls.' Mot. at 5-7. So even if Plaintiff somehow convinced the D.C. Circuit to adopt its novel view that this Court must "conduct an analysis to determine separately if RAISMD should be considered an agency under FOIA," *id.* at 11. n.3, this Court has already done that analysis based on the allegations in the Amended Complaint and found it deficient. An interlocutory appeal would thus needlessly drag out these proceedings, to little end. The legal question is consequently not controlling, and an interlocutory appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The motion should be denied.

Dated: April 12, 2021	Respectfully submitted,

	BRIAN M. BOYNTON
	Acting Assistant Attorney General

	ELIZABETH J. SHAPIRO
	Deputy Director, Federal Programs Branch

	*/s/ Christopher R. Healy*
	CHRISTOPHER R. HEALY
	Trial Attorney
	U.S. Department of Justice
	Civil Division, Federal Programs Branch 1100 L St, N.W.
	Washington, D.C. 20530
	Telephone: (202) 514-8095
	Facsimile: (202) 616-8470
	E-mail: Christopher.Healy@usdoj.gov

	*Counsel for Defendants*