UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL EAGLE, LLC, | * |
| Plaintiff, | * |
| v. | * |
| NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, *et al.*, | *  Civil Action No. 1:20-cv-01732 (RC) |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Plaintiff Legal Eagle, LLC ("Legal Eagle") explained in significant detail why the Court's 18 March 2021 decision, *Legal Eagle, LLC v. Nat'l Sec. Council Records Access & Info. Sec. Mgmt. Directorate*, No. 20-1732, 2021 U.S. Dist. LEXIS 50367 (D.D.C. Mar. 18, 2021) [hereinafter *Legal Eagle I*], is appropriate for certification of an interlocutory appeal, and Defendants' 2.5-page response cursorily addressing the question (Defs.' Opp'n Pl.'s Mot. Cert. Interlocutory App., Dkt. #36 (filed Apr. 12, 2021) [hereinafter RAISMD's Opp'n]) has not refuted any of Legal Eagle's arguments. Accordingly, for the most part Legal Eagle will not reiterate the arguments from its Motion, which it stands behind, but will instead simply point out the two most glaring flaws and fallacies in the Government's Opposition, so that the Court can judge for itself the respective merits of the respective positions.

The Government first asserts that there is no "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), about whether the National Security Council ("NSC") Records Access and Information Security Management Directorate ("RAISMD") is an agency subject to

the Freedom of Information Act ("FOIA"), but it then supports its argument with little more than the fact that this Court disagreed with Legal Eagle's argument. (*See id.* at 1-2.) However, notwithstanding RAISMD's characterization of Legal Eagle's arguments as "a strained legal theory" (*id.* at 2), its key argument that NSC's non-agency status is determinative is actually precluded by the text of FOIA itself, which both incorporates the definition of "agency" from the Administrative Procedure Act ("APA") and explicitly modifies it to include the Executive Office of the President:

> For purposes of this section, the term[] . . . "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government *(including the Executive Office of the President)*, or any independent regulatory agency.

5 U.S.C. 552(f) (emphasis added).

On its face, this statutory text does not immediately appear to contradict RAISMD's argument, but the express incorporation of the APA definition of "agency" without exception or restriction adds an additional dimension, since the APA defines "agency" as—with exceptions not relevant here—"each authority of the Government of the United States, *whether or not it is within or subject to review by another agency*." 5 U.S.C. § 551(1) (emphasis added). The inclusion of this critical criterion in the FOIA definition has been recognized uncritically by numerous circuits. *See*, *e.g.*, *Osen LLC v. U.S. Cent. Command*, 969 F.3d 102, 117 (2d Cir. 2020) (Menashi, J., concurring); *Statton v. Fla. Fed. Jud. Nominating Comm'n*, 959 F.3d 1061, 1063 (11th Cir. 2020); *Henson v. HHS*, 892 F.3d 868, 874 (7th Cir. 2018); *Cameranesi v. DOD*, 856 F.3d 626, 637 n.14 (9th Cir. 2017); *Jordan v. DOJ*, 668 F.3d 1188, 1197 n.4 (10th Cir. 2011); *Peralta v. U.S. Att'y's Off., Cent. Dist. Cal.*, 136 F.3d 169, 173 (D.C. Cir. 1998); *Stone v. Ex.-Im. Bank of United States*, 552 F.2d 132, 136 (5th Cir. 1977).

In other words, the full FOIA definition of "agency" can be written—without the irrelevant APA exceptions—as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency, including any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." For the purposes of the instant case, that definition can be further simplified to "each authority of the Government of the United States, whether or not it is within or subject to review by another agency, including the Executive Office of the President." When the statute is viewed this way, the question of whether or not the NSC is an agency for the purposes of FOIA clearly has no bearing on whether or not RAISMD is an agency for the purposes of FOIA, because the FOIA definition of "agency" is not affected by "whether or not it is within or subject to review by another agency." *Id*. Even if the NSC is not considered an agency, RAISMD can still be considered an agency if it meets the statutory definition. Accordingly, to the extent that the Court's opinion is based on RAISMD's dubious proposition that an NSC component cannot be an agency simply because the NSC is not an agency, that ruling is directly at odds with the plain text of the statute, which clearly satisfies the definition of "substantial ground for difference of opinion." 28 U.S.C. § 1292(b).[1]

---

[1] The reasonableness of Legal Eagle's argument is further bolstered by the inescapable fact that there *are* "entities within a non-FOIA entity [which are] subject to FOIA," *Legal Eagle I* at *15 n.2, namely, every component of the Executive Office of the President ("EOP") which is subject to FOIA, including the Office of Management and Budget, Council on Environmental Quality, Office of National Drug Control Policy, Office of Science and Technology Policy, and Office of the United States Trade Representative. RAISMD argues that "a sub-unit of an entity whose *sole* function is to advise and assist the President cannot, by definition, be substantially independent from the President," *id.*, but the EOP is generally considered to have the sole function of advising and assisting the President, yet these "sub-units" are still considered substantially independent and subject to FOIA. Accepting RAISMD's argument would mean accepting that the EOP does *not* have the sole function of advising the President, which would mean that the entire EOP would have to be subject to FOIA according to RAISMD's reading of *Armstrong v.*

3

RAISMD then attempts to argue that an incorrect ruling on this question of law would not require reversal or materially alter the course of litigation, citing only to a footnote in which the Court opined that Legal Eagle had not provided "additional factual allegations speaking to the independence of RAISMD or the nature of its delegated authority." (RAISMD's Opp'n at 2-3 (quoting *Legal Eagle I* at \*15 n.3).) However, RAISMD omits the critical fact that the Court's observation was a footnote to the phrase, "Given the D.C. Circuit's consideration of the functions of the NSC and its determination that it is not subject to FOIA," which makes this observation contingent on the correctness of the idea that the allegations in Legal Eagle's complaint were insufficient to overcome the Court's interpretation of *Armstrong*. If the Court misinterpreted *Armstrong*, though, then Legal Eagle's complaint would not necessarily *need* "additional factual allegations speaking to the independence of RAISMD or the nature of its delegated authority," *Legal Eagle I* at \*15 n.3, in order to state a plausible complaint. Moreover, in such an instance, it would be even more appropriate for the Court to authorize one of the discovery options requested by Legal Eagle, which it declined to do solely because it viewed doing so as "reconsider[ing] the matter." *Id.* at \*15 n.4.[2]

---

*Executive Office of the President*, 90 F.3d 553 (D.C. Cir. 1996). Since the entire EOP is *not* subject to FOIA, there is clearly a difference of opinion between the Circuit and RAISMD with respect to the meaning of *Armstrong*.

[2] RAISMD's speculation that "[t]his alternative holding appears not to form part of Plaintiff's requested interlocutory appeal" (RAISMD's Opp'n at 3) is nonsensical, since Legal Eagle clearly stated, "Legal Eagle seeks certification of the single question of whether RAISMD is subject to FOIA, considering RAISMD's unique responsibilities and the authority it exercises independent of the President." (Pl.'s Mot. Cert. Interlocutory App., Dkt. #34, at 2 (filed Mar. 29, 2021).) Whether or not Legal Eagle plausibly alleged that RAISMD has "unique responsibilities" and "authority it exercises independent of the President" is obviously covered by such an appeal of "whether RAISMD is subject to FOIA." If the Court had actually *held* that RAISMD lacked independent authority *without* conditioning that holding on the NSC's non-agency status, that decision would arguably not have been deserving of interlocutory appeal, and therefore Legal Eagle did not cite that conditional aspect of the Court's opinion as one of the grounds for its Motion.

With respect to the numerous *other* arguments raised by Legal Eagle in its Motion, those arguments should be treated as conceded, since RAISMD failed to address them in any way. Accordingly, for the foregoing reasons and those expressed in its Motion, Legal Eagle respectfully requests that the Court grant its Motion for Certification of an Interlocutory Appeal.

Date:   April 19, 2021

Respectfully submitted,

  /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*
