UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEGAL EAGLE, LLC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   20-1732 (RC) |
| | : | |
| v. | : | Re Document No.:   34 |
| | : | |
| NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

In a recent order and opinion, this Court dismissed Legal Eagle's FOIA claims against the National Security Council Records Access and Information Security Management Directorate ("RAISMD"). *See Legal Eagle, LLC v. Nat'l Sec. Council Recs. Access & Info. Sec. Mgmt. Directorate*, No. 20-cv-1732, 2021 WL 1061222, at *4 (D.D.C. Mar. 18, 2021). It reasoned that D.C. Circuit precedent establishes that RAISMD's parent, the National Security Council ("NSC"), is not an "agency" subject to FOIA so RAISMD cannot be either. *Id.* Though other claims against other defendants remain, Legal Eagle asks this Court to certify for interlocutory appeal the following question: "whether RAISMD is subject to FOIA." Pl.'s Mot. Certification Interlocutory Appeal ("Pl.'s Mot.") at 2, ECF No. 34. The Court denies the request.

Statute grants district courts discretion to permit an interlocutory appeal under narrow circumstances. Namely, a court may certify an interlocutory appeal if (1) the "order involves a controlling question of law"; (2) there exists "substantial ground for difference of opinion" on the question; and (3) "an immediate appeal from the order may materially advance the ultimate

termination of the litigation." 28 U.S.C. § 1292(b). "[B]ecause of the 'strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals,' the party seeking an interlocutory appeal . . . bears a heavy burden to show that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *Citizens for Resp. & Ethics in Wash. v. Am. Action Network*, 415 F. Supp. 3d 143, 145 (D.D.C. 2019) (first quoting *Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002); and then quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Legal Eagle cannot discharge that burden.

Critically, there is no substantial ground for a difference of opinion regarding RAISMD's status as an agency. The "substantial ground" standard sets a high bar. *Jud. Watch*, 233 F. Supp. 2d at 19 ("The parties cite to only one instance within this Circuit in which a court found that it had been met . . . ."). "Mere disagreement" with a court's ruling is not enough. *Id.* at 20 (quoting *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996)). The party seeking interlocutory appeal must show that "the strength of the arguments in opposition to the challenged ruling" create the ground for disagreement. *See APCC Servs., Inc. v. AT & T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003). It can often do so by pointing to "a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits" or conflict between the "challenged decision" and "decisions of several other courts." *Id.*

But here, precedent within the D.C. Circuit and elsewhere decidedly favors the Court's ruling. As explained previously, FOIA's definition of "agency" "was not . . . meant to cover 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President.'" *Legal Eagle*, 2021 WL 1061222, at *3 (quoting *Armstrong v.*

*Exec. Off. of the President*, 90 F.3d 553, 558 (D.C. Cir. 1996)).  And under that rubric, "[t]he law in this Circuit is clear that the NSC is not an 'agency' for purposes of the FOIA." *Id.* at *4 (quoting *Risenhoover v. U.S. Dep't of State*, No. 19-cv-715, 2020 WL 3128947, at *7 (D.D.C. June 12, 2020)); *see also Armstrong*, 90 F.3d at 559 ("[T]he NSC is not an agency subject to the FOIA."); *Citizens for Resp. & Ethics in Wash. v. Off. of Admin.*, 566 F.3d 219, 223 (D.C. Cir. 2009) (similar).  The Second Circuit has come to the same conclusion.  *See Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 553 (2d Cir. 2016).  Neither circuit court has "le[ft] open the possibility that entities within a non-FOIA entity may be subject to FOIA." *Legal Eagle*, 2021 WL 1061222, at *4 n.2.  In fact, both circuits have suggested the opposite.  The D.C. Circuit "consider[ed] the NSC's role in protecting classified information" but nevertheless concluded that it lacked "*any* significant non-advisory function." *Id.* at *4 (quoting *Armstrong*, 90 F.3d at 565).  Likewise, the Second Circuit observed that the NSC's "functions are solely advisory" and it has "no authority independent of the President." *Main St. Legal Servs.*, 811 F.3d at 554.  The latter court went on to conclude that "[a]ny duties the NSC assigns to its staff . . . must . . . be deemed only to advise" because "it can hardly confer on its staff more authority than it has itself." *Id.*  So too with the NSC's delegation of prepublication review duties to RAISMD.

Legal Eagle has presented no argument that would permit a court to disregard the highly persuasive reasoning found in the relevant opinions from the D.C. Circuit and Second Circuit.  The organization suggests that this Court recognized some merit in its position.  *See* Pl.'s Mot. at 5.  But far from deeming Legal Eagle's position credible, the Court explained in its opinion that the organization "attempt[ed] to evade the key holdings" of the relevant circuit decisions with an argument "not rooted" in their "text or analysis." *Legal Eagle*, 2021 WL 1061222, at *4 n.2.

Legal Eagle has therefore failed to demonstrate that a substantial ground for difference of opinion exists as to whether RAISMD is an agency for purposes of FOIA.

Accordingly, Legal Eagle's bid for an interlocutory appeal falls short. Even if the Court ruled in the organization's favor on the other two elements, that would not be enough "to justify the extraordinary measure of an interlocutory appeal." *See First Am. Corp.*, 948 F. Supp at 1116–17 (analyzing only the "substantial ground" element); *see also Citizens for Resp. & Ethics in Wash.*, 415 F. Supp. 3d at 145–46 (denying request for interlocutory appeal because, although the order involved a controlling question of law and reversal would materially advance the termination of the litigation, the movant did not establish a substantial ground for a difference in opinion).

For the reasons above, Legal Eagle's motion for certification of an interlocutory appeal (ECF No. 34) is **DENIED**.

**SO ORDERED**.

Dated: May 6, 2021                                                          RUDOLPH CONTRERAS
                                                                            United States District Judge