APPEAL,CLOSED,TYPE I–FOIA

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:20–cv–01732–RC</u>
### *Internal Use Only*

| | |
|---|---|
| LEGAL EAGLE, LLC v. NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE et al<br>Assigned to: Judge Rudolph Contreras<br>Cause: 05:552 Freedom of Information Act | Date Filed: 06/25/2020<br>Date Terminated: 10/04/2024<br>Jury Demand: None<br>Nature of Suit: 895 Freedom of Information Act<br>Jurisdiction: U.S. Government Defendant |

**<u>Plaintiff</u>**

**LEGAL EAGLE, LLC**     represented by   **Kelly Brian McClanahan**
NATIONAL SECURITY COUNSELORS
4702 Levada Terrace
Rockville, MD 20853
(301) 728–5908
Fax: (240) 681–2189
Email: <u>kel@nationalsecuritylaw.org</u>
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE**     represented by   **Christopher Robert Healy**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St, NW
Washington, DC 20005
(202) 514–8095
Email: <u>Christopher.Healy@usdoj.gov</u>
*TERMINATED: 02/09/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yoseph T. Desta**
U.S. DEPARTMENT OF JUSTICE
1100 L Street NW
Washington, DC 20005
202–598–0844
Email: <u>yoseph.t.desta@usdoj.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**CENTRAL INTELLIGENCE AGENCY**     represented by   **Christopher Robert Healy**
(See above for address)

*TERMINATED: 02/09/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yoseph T. Desta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEPARTMENT OF DEFENSE**          represented by   **Christopher Robert Healy**
(See above for address)
*TERMINATED: 02/09/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yoseph T. Desta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF JUSTICE**     represented by   **Christopher Robert Healy**
(See above for address)
*TERMINATED: 02/09/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yoseph T. Desta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEPARTMENT OF STATE**            represented by   **Christopher Robert Healy**
(See above for address)
*TERMINATED: 02/09/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yoseph T. Desta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NATIONAL ARCHIVES AND**          represented by   **Christopher Robert Healy**
**RECORDS ADMINISTRATION**         (See above for address)
*TERMINATED: 02/09/2024*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Yoseph T. Desta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**OFFICE OF THE DIRECTOR OF**          represented by   **Christopher Robert Healy**
**NATIONAL INTELLIGENCE**                                (See above for address)
                                                         *TERMINATED: 02/09/2024*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Yoseph T. Desta**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2020 | 1 | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number ADCDC−7266904) filed by LEGAL EAGLE, LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons)(McClanahan, Kelly) (Entered: 06/25/2020) |
| 06/25/2020 | | Case Assigned to Judge Rudolph Contreras. (zsb) (Entered: 06/25/2020) |
| 06/25/2020 | 2 | SUMMONS (9) Issued Electronically as to CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(adh, ) (Entered: 06/25/2020) |
| 06/25/2020 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by LEGAL EAGLE, LLC (McClanahan, Kelly) (Entered: 06/25/2020) |
| 07/15/2020 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 7/6/2020. ( Answer due for ALL FEDERAL DEFENDANTS by 8/5/2020.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 7/6/20., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CENTRAL INTELLIGENCE AGENCY served on 7/6/2020; DEPARTMENT OF DEFENSE served on 7/6/2020; DEPARTMENT OF JUSTICE served on 7/6/2020; DEPARTMENT OF STATE served on 7/6/2020; NATIONAL ARCHIVES AND RECORDS ADMINISTRATION served on 7/6/2020; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE served on 7/9/2020 (McClanahan, Kelly) (Entered: 07/15/2020) |

| 07/16/2020 | 5 | AMENDED COMPLAINT *(First)* against All Defendants filed by LEGAL EAGLE, LLC.(McClanahan, Kelly) (Entered: 07/16/2020) |
|---|---|---|
| 08/03/2020 | 6 | NOTICE of Appearance by Christopher Robert Healy on behalf of All Defendants (Healy, Christopher) (Entered: 08/03/2020) |
| 08/03/2020 | 7 | Partial MOTION to Dismiss *NSC−RAISMD* by NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE (Healy, Christopher) (Entered: 08/03/2020) |
| 08/03/2020 | 8 | MOTION to Stay *Answer Deadline Due to Partial Motion to Dismiss* by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE (Healy, Christopher) (Entered: 08/03/2020) |
| 08/03/2020 | 9 | ERRATA *Partial Motion to Dimiss with Proposed Order* by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE 7 Partial MOTION to Dismiss *NSC−RAISMD* filed by NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE. (Attachments: # 1 Partial Motion to Dismiss with Proposed Order)(Healy, Christopher) (Entered: 08/03/2020) |
| 08/03/2020 |  | MINUTE ORDER granting 8 Defendants' Unopposed Motion to Stay Answer Deadline Due to Partial Motion to Dismiss: It is hereby ORDERED that the period for Defendants to respond to 5 Plaintiffs' Amended Complaint is hereby STAYED until 14 days after the Court's disposition of 7 Defendants' Partial Motion to Dismiss. SO ORDERED. Signed by Judge Rudolph Contreras on 8/3/2020. (lcrc1) (Entered: 08/03/2020) |
| 08/17/2020 | 10 | Consent MOTION for Extension of Time to File Response/Reply as to 7 Partial MOTION to Dismiss *NSC−RAISMD* by LEGAL EAGLE, LLC (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 08/17/2020) |
| 08/18/2020 |  | MINUTE ORDER granting 10 Plaintiff's Consent Motion for Extension of Time: It is hereby ORDERED that the following schedule shall govern further briefing in this case: Plaintiff shall file its opposition and cross−motion for summary judgment on or before August 24, 2020; Defendants shall file their reply and opposition to Plaintiff's cross−motion on or before September 8, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 8/18/2020. (lcrc1) (Entered: 08/18/2020) |
| 08/19/2020 |  | Set/Reset Deadlines: Cross Motions due by 8/24/2020. Reply to Cross Motions due by 9/8/2020. Responses due by 8/24/2020. Replies due by 9/8/2020. (tj) (Entered: 08/19/2020) |
| 08/22/2020 | 11 | MOTION to Expedite *Case* by LEGAL EAGLE, LLC (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 08/22/2020) |
| 08/25/2020 | 12 |  |

| | | |
|---|---|---|
| | | Consent MOTION for Extension of Time to File Response/Reply as to <u>7</u> Partial MOTION to Dismiss *NSC−RAISMD* by LEGAL EAGLE, LLC (Attachments: # <u>1</u> Text of Proposed Order)(McClanahan, Kelly) (Entered: 08/25/2020) |
| 08/25/2020 | <u>13</u> | MOTION for Partial Summary Judgment by LEGAL EAGLE, LLC (Attachments: # <u>1</u> Exhibit A – Request letters, # <u>2</u> Exhibit B – Expedited processing denials, # <u>3</u> Text of Proposed Order)(McClanahan, Kelly) (Entered: 08/25/2020) |
| 08/26/2020 | <u>14</u> | Memorandum in opposition to re <u>7</u> Partial MOTION to Dismiss *NSC−RAISMD* filed by LEGAL EAGLE, LLC. (Attachments: # <u>1</u> Text of Proposed Order)(McClanahan, Kelly) (Entered: 08/26/2020) |
| 08/26/2020 | | MINUTE ORDER granting <u>12</u> Plaintiff's Consent Motion for Extension of Time: It is hereby ORDERED that Plaintiff's <u>13</u> Cross−Motion for Partial Summary Judgment and <u>14</u> Opposition to Defendant's Partial Motion to Dismiss are hereby deemed timely filed. Consistent with the Court's earlier Minute Order (Aug. 18, 2020), Defendants shall file their reply and opposition to Plaintiff's cross−motion on or before September 8, 2020, but file a motion for extension of time if necessary. SO ORDERED. Signed by Judge Rudolph Contreras on 8/26/2020. (lcrc1) (Entered: 08/26/2020) |
| 08/27/2020 | | Set/Reset Deadlines: Response to Cross Motions due by 9/8/2020. Replies due by 9/8/2020. (tj) (Entered: 08/27/2020) |
| 09/08/2020 | <u>15</u> | Memorandum in opposition to re <u>11</u> MOTION to Expedite *Case* filed by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 09/08/2020) |
| 09/08/2020 | <u>16</u> | MOTION for Extension of Time to *File Cross−Motion for Partial Summary Judgment and Opposition to Plaintiffs Motoin for Partial Summary Judgment* by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE (Healy, Christopher) (Entered: 09/08/2020) |
| 09/08/2020 | <u>17</u> | Memorandum in opposition to re <u>16</u> MOTION for Extension of Time to *File Cross−Motion for Partial Summary Judgment and Opposition to Plaintiffs Motoin for Partial Summary Judgment* filed by LEGAL EAGLE, LLC. (Attachments: # <u>1</u> Exhibit A – Counsel's email correspondence, # <u>2</u> Text of Proposed Order)(McClanahan, Kelly) (Entered: 09/08/2020) |
| 09/08/2020 | <u>18</u> | REPLY to opposition to motion re <u>7</u> Partial MOTION to Dismiss *NSC−RAISMD* filed by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 09/08/2020) |
| 09/08/2020 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting 16 Defendants' Motion for Extension of Time: It is hereby ORDERED that Defendants shall file their combined cross–motion for partial summary judgment and opposition to Plaintiff's motion for partial summary judgment on or before September 18, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 9/8/2020. (lcrc1) (Entered: 09/08/2020) |
| 09/08/2020 | 19 | REPLY to opposition to motion re 16 MOTION for Extension of Time to *File Cross–Motion for Partial Summary Judgment and Opposition to Plaintiffs Motoin for Partial Summary Judgment* filed by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 09/08/2020) |
| 09/09/2020 | | Set/Reset Deadlines: Cross Motion for partial Summary Judgment due by 9/18/2020. Response to Motion for Summary Judgment due by 9/18/2020. (hs) (Entered: 09/09/2020) |
| 09/15/2020 | 20 | REPLY to opposition to motion re 11 MOTION to Expedite *Case* filed by LEGAL EAGLE, LLC. (McClanahan, Kelly) (Entered: 09/15/2020) |
| 09/18/2020 | 21 | MOTION for Partial Summary Judgment *and Opposition to Plaintiff's Partial Motion for Summary Judgment* by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE (Attachments: # 1 Text of Proposed Order)(Healy, Christopher) (Entered: 09/18/2020) |
| 09/18/2020 | 22 | Memorandum in opposition to re 13 MOTION for Partial Summary Judgment filed by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (See Docket Entry 21 to view document). (znmw) (Entered: 09/21/2020) |
| 09/21/2020 | | MINUTE ORDER denying 11 Plaintiff's Motion to Expedite Case: On August 22, 2020––nearly two months after filing its complaint––Plaintiff moved to expedite this case. But before Plaintiff filed its complaint, scores of other litigants filed complaints or motions that have become ready for the Court to rule on. Most of the Court's cases have significant consequences for litigants, and many of them carry the potential to affect the upcoming election too. See, e.g., Protect Democracy Project, Inc. v. U.S. Dep't of Justice, 20–cv–172 (FOIA suit seeking records related to killing of top Iranian military official); Matthews v. Saul, 18–1110 (asserting erroneous denial of Social Security disability benefits); Garcia Ramirez v. U.S. Immigr. & Customs Enf't, No. 18–508 (eighteen–year–old unaccompanied alien children claiming improper detention by ICE); Wildearth Guardians v. Jewell, No. 16–cv–1724 (alleging that federal government fails to consider climate impact when granting oil and gas leases in western United States). These and other cases also have valid claims for the Court's immediate attention, even if not all of their litigants have moved to expedite. The |

| | | |
|---|---|---|
| | | Court will not use the "broad discretion" it enjoys in "deciding case management and scheduling matters" to move Plaintiff's case to the front of the line. See G.Y.J.P. by & through M.R.P.S. v. Wolf, No. 20–01511, 2020 WL 4192490, at *2 (D.D.C. July 21, 2020) (citation omitted). It thus DENIES 11 Plaintiff's motion to expedite the case. SO ORDERED. Signed by Judge Rudolph Contreras on 09/21/2020. (lcrc1) (Entered: 09/21/2020) |
| 09/23/2020 | 23 | NOTICE OF SUPPLEMENTAL AUTHORITY by LEGAL EAGLE, LLC (Attachments: # 1 Exhibit A – Knight letter)(McClanahan, Kelly) (Entered: 09/23/2020) |
| 09/25/2020 | 24 | RESPONSE re 23 NOTICE OF SUPPLEMENTAL AUTHORITY filed by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 09/25/2020) |
| 09/25/2020 | 25 | REPLY to opposition to motion re 13 MOTION for Partial Summary Judgment filed by LEGAL EAGLE, LLC. (Attachments: # 1 Exhibit C – McClanahan declaration)(McClanahan, Kelly) (Entered: 09/26/2020) |
| 10/02/2020 | 26 | REPLY to opposition to motion re 21 MOTION for Partial Summary Judgment *and Opposition to Plaintiff's Partial Motion for Summary Judgment* filed by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 10/02/2020) |
| 10/06/2020 | 27 | MOTION to Strike 21 MOTION for Partial Summary Judgment *and Opposition to Plaintiff's Partial Motion for Summary Judgment*, 26 Reply to opposition to Motion, by LEGAL EAGLE, LLC (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 10/06/2020) |
| 10/08/2020 | 28 | Memorandum in opposition to re 27 MOTION to Strike 21 MOTION for Partial Summary Judgment *and Opposition to Plaintiff's Partial Motion for Summary Judgment*, 26 Reply to opposition to Motion, filed by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 10/08/2020) |
| 10/08/2020 | 29 | REPLY to opposition to motion re 27 MOTION to Strike 21 MOTION for Partial Summary Judgment *and Opposition to Plaintiff's Partial Motion for Summary Judgment*, 26 Reply to opposition to Motion, filed by LEGAL EAGLE, LLC. (McClanahan, Kelly) (Entered: 10/08/2020) |
| 10/23/2020 | 30 | NOTICE *of New Evidence* by LEGAL EAGLE, LLC re 13 MOTION for Partial Summary Judgment (Attachments: # 1 Exhibit D – OSD/JS processing notes)(McClanahan, Kelly) (Entered: 10/23/2020) |

| 10/27/2020 | 31 | RESPONSE re 30 *to Plaintiff's Notice* filed by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) Modified to add link on 11/2/2020 (znmw). (Entered: 10/27/2020) |
|---|---|---|
| 03/18/2021 | 32 | ORDER granting 7 Defendants' Partial Motion to Dismiss; denying 13 Plaintiff's Motion for Partial Summary Judgment; granting 21 Defendants' Motion for Partial Summary Judgment; denying 27 Plaintiff's Motion to Strike. See document for details. Signed by Judge Rudolph Contreras on 3/18/2021. (lcrc3) (Entered: 03/18/2021) |
| 03/18/2021 | 33 | MEMORANDUM OPINION granting 7 Defendants' Partial Motion to Dismiss; denying 13 Plaintiff's Motion for Partial Summary Judgment; granting 21 Defendants' Motion for Partial Summary Judgment; denying 27 Plaintiff's Motion to Strike. See document for details. Signed by Judge Rudolph Contreras on 3/18/2021. (lcrc3) (Entered: 03/18/2021) |
| 03/29/2021 | 34 | MOTION for Certification for interlocutory appeal by LEGAL EAGLE, LLC. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 03/29/2021) |
| 04/01/2021 | 35 | ANSWER to 5 Amended Complaint by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE.(Healy, Christopher) (Entered: 04/01/2021) |
| 04/12/2021 | 36 | Memorandum in opposition to re 34 MOTION for Certification for interlocutory appeal filed by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 04/12/2021) |
| 04/19/2021 | 37 | REPLY to opposition to motion re 34 MOTION for Certification for interlocutory appeal filed by LEGAL EAGLE, LLC. (McClanahan, Kelly) (Entered: 04/19/2021) |
| 05/06/2021 | 38 | ORDER denying 34 Plaintiff's Motion for Certification of Interlocutory Appeal. See document for details. Signed by Judge Rudolph Contreras on 5/6/2021. (lcrc1) (Entered: 05/06/2021) |
| 06/02/2021 | | MINUTE ORDER: It is hereby ORDERED that the parties shall meet, confer, and jointly submit a proposed schedule to govern further proceedings on or before June 16, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 6/2/2021. (lcrc1) (Entered: 06/02/2021) |
| 06/02/2021 | | Set/Reset Deadlines: Parties shall meet, confer, and jointly submit a proposed schedule to govern further proceedings on or before 6/16/2021. (zgdf) (Entered: 06/02/2021) |
| 06/16/2021 | 39 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, |

| | | |
|---|---|---|
| | | NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 06/16/2021) |
| 06/16/2021 | | MINUTE ORDER: Upon consideration of 39 the parties' joint status report, it is hereby ORDERED that the parties shall submit another joint status report setting forth a proposed schedule for further proceedings on or before July 31, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 6/16/2021. (lcrc1) (Entered: 06/16/2021) |
| 07/31/2021 | 40 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 07/31/2021) |
| 08/02/2021 | | MINUTE ORDER: Upon consideration of 40 the parties' joint status report, it is hereby ORDERED that the parties shall submit another joint status report setting forth a proposed schedule for further proceedings on or before August 31, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 8/2/2021. (lcrc1) (Entered: 08/02/2021) |
| 08/31/2021 | 41 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 08/31/2021) |
| 08/31/2021 | | MINUTE ORDER: Upon consideration of 41 the parties' joint status report, it is hereby ORDERED that the parties shall submit another joint status report setting forth a proposed schedule for further proceedings on or before October 1, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 8/31/2021. (lcrc1) (Entered: 08/31/2021) |
| 08/31/2021 | | Set/Reset Deadlines: Status Report due by 10/1/2021. (tj) (Entered: 08/31/2021) |
| 10/01/2021 | 42 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 10/01/2021) |
| 10/01/2021 | | MINUTE ORDER: Upon consideration of 42 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before November 1, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 10/1/2021. (lcrc1) (Entered: 10/01/2021) |
| 10/01/2021 | | Set/Reset Deadlines: Status Report due by 11/1/2021 (tj) (Entered: 10/01/2021) |
| 11/01/2021 | 43 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, |

| | | |
|---|---|---|
| | | NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 11/01/2021) |
| 11/01/2021 | | MINUTE ORDER: Upon consideration of 43 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before December 22, 2021. Signed by Judge Rudolph Contreras on 11/01/2021. (lcrc1) (Entered: 11/01/2021) |
| 12/22/2021 | 44 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 12/22/2021) |
| 12/22/2021 | | MINUTE ORDER: Upon consideration of 44 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before January 22, 2022. Signed by Judge Rudolph Contreras on 12/22/2021. (lcrc1) Modified on 12/22/2021 (lcrc1). (Entered: 12/22/2021) |
| 01/22/2022 | 45 | STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 01/22/2022) |
| 02/16/2022 | | MINUTE ORDER: Upon consideration of 45 Defendants' status report, it is hereby ORDERED that the parties shall file a joint status report on or before February 22, 2022. SO ORDERED. Signed by Judge Rudolph Contreras on 02/16/2022. (lcrc1) (Entered: 02/16/2022) |
| 02/22/2022 | 46 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 02/22/2022) |
| 02/23/2022 | | MINUTE ORDER: Upon consideration of 46 the parties' joint status report, it is hereby ORDERED that the parties shall appear for a telephonic status conference before Judge Rudolph Contreras on March 25, 2022 at 2:30 p.m. SO ORDERED. Signed by Judge Rudolph Contreras on 02/23/2022. (lcrc1) (Entered: 02/23/2022) |
| 03/24/2022 | | Set/Reset Hearings: Telephone Conference set for 3/25/2022 at 2:30 PM before Judge Rudolph Contreras. (tj) (Entered: 03/24/2022) |
| 03/24/2022 | 47 | STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 03/24/2022) |

| 03/25/2022 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 3/25/2022. Parties inform the court of the status of this action. Status report due by 5/10/022. (Court Reporter: Lisa Bankins.) (tj) (Entered: 03/25/2022) |
|---|---|---|
| 05/10/2022 | 48 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 05/10/2022) |
| 05/11/2022 | | MINUTE ORDER: Upon consideration of 48 the parties' joint status report, it is hereby ORDERED that the parties shall file a joint status report on or before August 5, 2022. SO ORDERED. Signed by Judge Rudolph Contreras on 05/11/2022. (lcrc1) (Entered: 05/11/2022) |
| 08/05/2022 | 49 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE. (Healy, Christopher) (Entered: 08/05/2022) |
| 09/01/2022 | | MINUTE ORDER: Upon consideration of 49 the parties' joint status report, it is hereby ORDERED that the parties shall file a joint status report on or before October 7, 2022. SO ORDERED. Signed by Judge Rudolph Contreras on 09/01/2022. (lcrc1) (Entered: 09/01/2022) |
| 10/07/2022 | 50 | STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Healy, Christopher) (Entered: 10/07/2022) |
| 10/17/2022 | | MINUTE ORDER: Upon consideration of 50 Defendants' status report, it is hereby ORDERED that the parties shall file another joint status report on or before November 4, 2022. SO ORDERED. Signed by Judge Rudolph Contreras on 10/17/2022. (lcrc1) (Entered: 10/17/2022) |
| 11/04/2022 | 51 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Healy, Christopher) (Entered: 11/04/2022) |
| 11/07/2022 | | MINUTE ORDER: Upon consideration of 51 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before December 7, 2022. SO ORDERED. Signed by Judge Rudolph Contreras on 11/7/2022. (lcrc1) (Entered: 11/07/2022) |
| 12/02/2022 | 52 | |

| | | |
|---|---|---|
| | | NOTICE *of Correction* by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE (Healy, Christopher) (Entered: 12/02/2022) |
| 12/07/2022 | 53 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Healy, Christopher) (Entered: 12/07/2022) |
| 12/07/2022 | | MINUTE ORDER: Upon consideration of 53 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before February 7, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 12/7/2022. (lcrc1) (Entered: 12/07/2022) |
| 02/08/2023 | 54 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Healy, Christopher) (Entered: 02/08/2023) |
| 02/09/2023 | | MINUTE ORDER: Upon consideration of 54 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before March 7, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 2/9/2023. (lcrc1) (Entered: 02/09/2023) |
| 03/07/2023 | 55 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Healy, Christopher) (Entered: 03/07/2023) |
| 03/07/2023 | | MINUTE ORDER: Upon consideration of 55 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before April 7, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 3/7/2023. (lcrc1) (Entered: 03/07/2023) |
| 03/08/2023 | | Set/Reset Deadlines: Status Report due by 4/7/2023 (tj) (Entered: 03/08/2023) |
| 04/07/2023 | 56 | Consent MOTION for Extension of Time to *file Joint Status Report* by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Healy, Christopher) (Entered: 04/07/2023) |

| 04/07/2023 | | MINUTE ORDER granting 56 Defendants' Consent Motion for Extension of Time: It is hereby ORDERED that the parties' joint status report is due on or before April 21, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 4/7/2023. (lcrc1) (Entered: 04/07/2023) |
|---|---|---|
| 04/21/2023 | 57 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Healy, Christopher) (Entered: 04/21/2023) |
| 04/21/2023 | | MINUTE ORDER: Upon consideration of 57 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before May 19, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 4/21/2023. (lcrc1) (Entered: 04/21/2023) |
| 04/24/2023 | | Set/Reset Deadlines: Status Report due by 5/19/2023 (tj) (Entered: 04/24/2023) |
| 05/19/2023 | 58 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Healy, Christopher) (Entered: 05/19/2023) |
| 05/19/2023 | | MINUTE ORDER: Upon consideration of 58 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before June 2, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 5/19/2023. (lcrc1) (Entered: 05/19/2023) |
| 05/23/2023 | | Set/Reset Deadlines: Status Report due by 6/2/2023 (tj) (Entered: 05/23/2023) |
| 06/02/2023 | 59 | NOTICE of Appearance by Yoseph T. Desta on behalf of All Defendants (Desta, Yoseph) (Entered: 06/02/2023) |
| 06/02/2023 | 60 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Desta, Yoseph) (Entered: 06/02/2023) |
| 06/02/2023 | | MINUTE ORDER: Upon consideration of 60 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before June 16, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 6/2/2023. (lcrc1) (Entered: 06/02/2023) |
| 06/14/2023 | | Set/Reset Deadlines: Status Report due by 6/16/2023 (tj) (Entered: 06/14/2023) |
| 06/16/2023 | 61 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY |

| | | |
|---|---|---|
| | | MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Desta, Yoseph) (Entered: 06/16/2023) |
| 06/16/2023 | | MINUTE ORDER: Upon consideration of <u>61</u> the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before August 25, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 6/16/2023. (lcrc1) (Entered: 06/16/2023) |
| 06/28/2023 | | Set/Reset Deadlines: Status Report due by 8/25/2023 (tj) (Entered: 06/28/2023) |
| 08/25/2023 | 62 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Desta, Yoseph) (Entered: 08/25/2023) |
| 08/25/2023 | | MINUTE ORDER: Upon consideration of <u>62</u> the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before October 13, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 8/25/2023. (lcrc1) (Entered: 08/25/2023) |
| 10/13/2023 | 63 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, US DEPT OF JUSTICE. (Desta, Yoseph) (Entered: 10/13/2023) |
| 10/23/2023 | | MINUTE ORDER: Upon consideration of <u>63</u> the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before November 17, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 10/23/2023. (lcrc1) (Entered: 10/23/2023) |
| 11/17/2023 | 64 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF JUSTICE. (Desta, Yoseph) (Entered: 11/17/2023) |
| 11/17/2023 | | MINUTE ORDER: Upon consideration of <u>64</u> the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before January 16, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 11/17/2023. (lcrc1) (Entered: 11/17/2023) |
| 01/16/2024 | 65 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF JUSTICE. (Desta, Yoseph) (Entered: 01/16/2024) |

| 01/17/2024 | | MINUTE ORDER: Upon consideration of <u>65</u> the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before February 21, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 1/17/2024. (lcrc1) (Entered: 01/17/2024) |
|---|---|---|
| 02/09/2024 | <u>66</u> | NOTICE OF WITHDRAWAL OF APPEARANCE as to CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF JUSTICE. Attorney Christopher Robert Healy terminated. (Healy, Christopher) (Entered: 02/09/2024) |
| 02/21/2024 | <u>67</u> | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF JUSTICE. (Desta, Yoseph) (Entered: 02/21/2024) |
| 02/21/2024 | | MINUTE ORDER: Upon consideration of <u>67</u> the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before March 21, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 2/21/2024. (lcrc1) (Entered: 02/21/2024) |
| 03/21/2024 | <u>68</u> | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF JUSTICE. (Desta, Yoseph) (Entered: 03/21/2024) |
| 03/21/2024 | | MINUTE ORDER: Upon consideration of <u>68</u> the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before May 9, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 3/21/2024. (lcrc1) (Entered: 03/21/2024) |
| 04/17/2024 | | Set/Reset Deadlines: Status Report due by 5/9/2024 (tj) (Entered: 04/17/2024) |
| 05/09/2024 | <u>69</u> | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF JUSTICE. (Desta, Yoseph) (Entered: 05/09/2024) |
| 05/09/2024 | | MINUTE ORDER: Upon consideration of <u>69</u> the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before June 27, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 5/9/2024. (lcrc1) (Entered: 05/09/2024) |
| 06/27/2024 | <u>70</u> | |

| | | |
|---|---|---|
| | | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF JUSTICE. (Desta, Yoseph) (Entered: 06/27/2024) |
| 06/27/2024 | | MINUTE ORDER: Upon consideration of 70 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before July 30, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 6/27/2024. (lcrc1) (Entered: 06/27/2024) |
| 07/30/2024 | 71 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF JUSTICE. (Desta, Yoseph) (Entered: 07/30/2024) |
| 07/31/2024 | | MINUTE ORDER: Upon consideration of 71 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before August 15, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 7/31/2024. (lcrc1) (Entered: 07/31/2024) |
| 08/15/2024 | 72 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF JUSTICE. (Desta, Yoseph) (Entered: 08/15/2024) |
| 08/16/2024 | | MINUTE ORDER: Upon consideration of 72 the parties' joint status report, it is hereby ORDERED that the parties shall file another joint status report on or before August 29, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 8/16/2024. (lcrc1) (Entered: 08/16/2024) |
| 08/29/2024 | 73 | Joint STATUS REPORT by CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF JUSTICE. (Attachments: # 1 Text of Proposed Order)(Desta, Yoseph) (Entered: 08/29/2024) |
| 08/29/2024 | | MINUTE ORDER: Upon consideration of 73 the parties' Joint Status Report, it is hereby ORDERED that the following schedule shall govern further proceedings: Defendants' motion for summary judgment shall be filed on or before October 11, 2024; Plaintiff's cross–motion for summary judgment and opposition to Defendants' motion shall be filed on or before November 22, 2024; Defendants' reply and opposition to Plaintiff's cross–motion shall be filed on or before December 18, 2024; and Plaintiff's reply shall be filed on or before January 10, 2025. SO ORDERED. |

| | | Signed by Judge Rudolph Contreras on 8/29/2024. (lcrc1) (Entered: 08/29/2024) |
|---|---|---|
| 10/03/2024 | 74 | STIPULATION of Dismissal by LEGAL EAGLE, LLC. (McClanahan, Kelly) (Entered: 10/03/2024) |
| 10/03/2024 | | MINUTE ORDER: It is hereby ORDERED that any motion for costs and attorneys' fees shall be filed on or before December 6, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 10/03/2024. (lcrc1) (Entered: 10/03/2024) |
| 10/04/2024 | 75 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 32 Order on Motion to Strike,, Order on Motion to Dismiss,, Order on Motion for Partial Summary Judgment,,, by LEGAL EAGLE, LLC. Filing fee $ 605, receipt number ADCDC–11209159. Fee Status: Fee Paid. Parties have been notified. (McClanahan, Kelly) (Entered: 10/04/2024) |

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

Plaintiff:      **Legal Eagle, LLC**
_____

vs.                    Civil Action No. **20-1732 (RC)**
                                    _____

Defendant:      **NSC RAISMD**
_____

## CIVIL NOTICE OF APPEAL

Notice is hereby given this   4   day of   October   20 24 , that

Legal Eagle, LLC
_____

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgement of this court entered on the   18   day of   March   , 20 21 , in

favor of Defendant NSC Records Access & Information Security Management Directorate
_____

against said Plaintiff
_____

                                    Kelly B. McClanahan
                                    _____
                                    Attorney or Pro Se Litigant


(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
August 2009 (REVISED)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LEGAL EAGLE, LLC, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 20-1732 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 7, 13, 21, 27 |
| | : | | |
| NATIONAL SECURITY COUNCIL | : | | |
| RECORDS ACCESS AND | : | | |
| INFORMATION SECURITY | : | | |
| MANAGEMENT DIRECTORATE, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## ORDER

### GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION TO STRIKE

For the reasons stated in the Court's Memorandum Opinion separately and

contemporaneously issued, Defendants' Partial Motion to Dismiss (ECF No. 7) is **GRANTED**.

Plaintiff's Motion for Partial Summary Judgment (ECF No. 13) is **DENIED** and Defendants'

Motion for Partial Summary Judgment (ECF No. 21) is **GRANTED**.  Plaintiff's Motion to Strike

(ECF No. 27) is **DENIED**.  It is hereby:

**ORDERED** that Defendants shall respond to the Amended Complaint on or before April

1, 2021.

**SO ORDERED**.

Dated:  March 18, 2021                                                  RUDOLPH CONTRERAS
                                                                                    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEGAL EAGLE, LLC,                          :
                                           :
    Plaintiff,                         :        Civil Action No.:      20-1732 (RC)
                                           :
    v.                                 :        Re Document Nos.:      7, 13, 21, 27
                                           :
NATIONAL SECURITY COUNCIL                  :
RECORDS ACCESS AND                         :
INFORMATION SECURITY                       :
MANAGEMENT DIRECTORATE, *et al.*,          :
                                           :
    Defendants.                        :

## MEMORANDUM OPINION

**GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION TO STRIKE**

## I. INTRODUCTION

In this case brought pursuant to the Freedom of Information Act ("FOIA"), Plaintiff

Legal Eagle, LLC ("Legal Eagle"), a business that runs a YouTube channel focused on legal

issues, seeks records related to the prepublication review of Former National Security Adviser

John Bolton's book *The Room Where It Happened*.  Legal Eagle has filed an Amended

Complaint with twenty-one causes of action, all brought under FOIA, related to its various

requests for records and requests for expedited processing.  Legal Eagle named as Defendants

the National Security Council Records Access and Information Security Management

Directorate ("RAISMD"), the Central Intelligence Agency, the Department of Defense, the

Department of Justice ("DOJ"), the Department of State, the National Archives and Records

Administration, and the Office of the Director of National Intelligence (together "Defendants").

RAISMD has moved to dismiss the counts against it, arguing that under binding D.C. Circuit

precedent, the National Security Council ("NSC"), and any of its subcomponents, are not subject to FOIA.  Also before the Court are Legal Eagle's and Defendants' cross motions for partial summary judgment on the counts related to the requests for expedited processing.  Additionally, Legal Eagle filed a motion to strike Defendants' cross motion for partial summary judgment, arguing that Defendants failed to adhere to proper motions practice procedure.

For the reasons discussed below, the Court will grant RAISMD's motion to dismiss pursuant to *Armstrong v. Exec. Office of the President*, 90 F.3d 553 (D.C. Cir. 1996).  As a subcomponent of the NSC, which is not subject to FOIA, the Court finds that RAISMD is not subject to FOIA.  With respect to the motions for partial summary judgment, the Court agrees with Defendants that based on the records before the agencies, the requests for expedited processing were properly denied.  Finally, the Court finds nothing procedurally improper with Defendants' cross motion for partial summary judgment, and therefore will deny Legal Eagle's motion to strike.

## II.  BACKGROUND

As alleged in the Amended Complaint, Legal Eagle runs a "YouTube channel focused on legal issues . . . with more than one million subscribers, ten million monthly views, and 100 million total video views."  Am. Compl. ¶ 3, ECF No. 5.  The channel "features a recurring segment entitled 'Real Law Review,' in which the host explains the legal issues behind major stories in the news . . . for a general audience."  *Id.* ¶ 37.  The company seeks records related to the prepublication review of a manuscript written by Former National Security Advisor John Bolton.  *Id.* ¶ 38.

Any person who possesses a security clearance must sign a Non-Disclosure Agreement that includes an agreement to submit any manuscript related to his or her national security

employment for prepublication review prior to disclosing it to any third party. *Id.* ¶ 15.  The

review process, generally handled by the agency that sponsored the security clearance, allows the

government to deny an author permission to publish both classified and unclassified information

depending on the circumstances. *See id.* ¶ 21.  In late 2019, RAISMD conducted a

prepublication review of Mr. Bolton's book, *The Room Where It Happened*, and determined that

it contained classified information. *See id.* ¶¶ 24–36.  In June 2020, despite the ongoing

prepublication review and determination that the manuscript contained classified information,

Mr. Bolton had printed and shipped the book to distributors across the country. *Id.* ¶ 33.  This

led to the government seeking a temporary restraining order to prevent the book's distribution.

*Id.* ¶ 35.  Although Judge Lamberth denied the government's motion, he stated that "the Court is

persuaded that Defendant Bolton likely jeopardized national security by disclosing classified

information in violation of his nondisclosure agreement obligations." *Id.* ¶ 36 (quoting *United

States v. Bolton*, 468 F. Supp. 3d 1, 5 (D.D.C. 2020)).

Legal Eagle submitted a series of FOIA requests to Defendants seeking records and

information regarding Mr. Bolton's book, the prepublication review process, and the information

the government prohibited, or attempted to prohibit, Mr. Bolton from publishing. *See generally*

Pl.'s Mot. Partial Summ. J. Ex. A, ECF No. 13-1.  Alongside the requests for records, Legal

Eagle submitted requests for expedited processing. *See generally id.*  The requests for expedited

processing explained that Legal Eagle runs a YouTube channel focused on informing the public

about legal issues and that the requested information concerned operations or activity of the

government. *See id.*  In addition, the requests for expedited processing included the following

statement:

> [B]ecuase of the issues surrounding [Mr. Bolton's] manuscript and the
> Government's efforts to prohibit [Mr.] Bolton from providing the requested

> information—either in his book or in Congressional testimony—this request
> satisfies the compelling need standard for expedited processing, since it is made by
> a person primarily engaged in disseminating information to inform the public about
> Government activity involving topics of breaking news.

*Id.*[1]  Two offices—the DOJ National Security Division and the Office of Legal Counsel

("OLC")—agreed to expedite Legal Eagle's FOIA requests.  Pl.'s Mem. of P. & A. Supp. Cross

Mot. Partial Summ. J. ("Pl.'s Mem.") at 1–2, ECF No. 13.  Five offices denied Legal Eagle's

requests to expedite and RAISMD did not decide the matter with respect to three requests.  *Id.* at

2.  Counts 2, 4, 6, 8, 12, 14, 16, and 18 of the Amended Complaint charge Defendants with

improperly denying, or constructively denying in RAISMD's case, Legal Eagle's requests to

expedite processing of its FOIA requests.  *See* Am. Compl. ¶¶ 50–53, 60–63, 73–76, 87–90,

120–23, 131–34, 141–44, 152–57.

> Pending before the Court are several motions.  Defendants filed a partial motion to

dismiss arguing that RAISMD is not subject to FOIA because the NSC, of which it is a part, is

not subject to FOIA under D.C. Circuit precedent.  *See* Defs.' Partial Mot. Dismiss, ECF No. 7.

Legal Eagle filed a motion for partial summary judgment on the counts related to its requests to

expedite processing.  *See* Pl.'s Mem.  In response, Defendants filed a cross motion for partial

summary judgment of their own on the requests to expedite counts.  *See* Defs.' Cross Mot.

Partial Summ. J. ("Defs.' Partial MSJ"), ECF No. 21.  Finally, because Legal Eagle argues that

Defendants' cross motion for summary judgment was improperly filed, it filed a motion to strike

Defendants' cross motion and the reply in support of that motion.  *See* Pl.'s Mot. Strike, ECF No.

27.  The pending motions have all been fully briefed and are ripe for decision.

---

[1] The requests for expedited processing submitted to Defendants included identical
language, but a few of the requests had minor modifications.  *See id.* at 29, 30, 33, 35.

## III.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a)(2); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The complaint's factual allegations are to be taken as true, and the court is to construe them liberally in the plaintiff's favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  Notwithstanding this liberal construal, the court deciding a Rule 12 motion must parse the complaint for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This plausibility requirement means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555–56 (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of legal conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555.

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "material" fact is one capable of affecting the substantive outcome of the litigation.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).  The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses and determining whether there is a genuine need for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323.  In response, the non-movant must point to specific facts in the record that reveal a genuine issue that is suitable for trial.  *See Celotex*, 477 U.S. at 324.  In considering a motion for summary judgment, a court must "eschew making credibility determinations or weighing the evidence[,]" *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007), and all underlying facts and inferences must be analyzed in the light most favorable to the non-movant, *see Anderson*, 477 U.S. at 255.

## IV.  ANALYSIS

### A.  Partial Motion to Dismiss

Defendants' partial motion to dismiss relies on the D.C. Circuit's decision in *Armstrong v. Exec. Office of the President*, which concluded that "the NSC is not an agency within the meaning of FOIA."  90 F.3d at 556.  Because RAISMD is an office within NSC, Defendants contend that it, like the NSC as a whole, is not subject to FOIA.  Defs.' Partial Mot. Dismiss at 1. Legal Eagle maintains that the fact that the NSC as a whole is not an agency subject to FOIA does not resolve the question of whether RAISMD is subject to FOIA.  *See* Pl.'s Mem. P. & A. Opp'n Defs.' Partial Mot. Dismiss ("Pl.'s Opp'n") at 2, ECF No. 14.  Legal Eagle argues that it has plausibly alleged that RAISMD's function is sufficiently distinct from the NSC as a whole to render the D.C. Circuit's opinion in *Armstrong* inapplicable.  *See id.* at 2–3.

FOIA's record disclosure requirements apply to agencies, a term which "includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). Although this definition explicitly includes the Executive Office of the President, the D.C. Circuit has recognized that the "definition was not [] meant to cover 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President.'" *Armstrong*, 90 F.3d at 558 (quoting H.R. Conf. Rep. No. 1380, 93d Cong., 2d Sess. 14 (1974)). The D.C. Circuit has developed a three-factor test to determine the status under FOIA of units within the Executive Office of the President. *See Meyer v. Bush*, 981 F.2d 1288, 1293 (D.C. Cir. 1993). The factors to be weighed are: (1) "how close operationally the group is to the President," (2) "whether it has a self-contained structure," and (3) "the nature of its delegate[ed]" authority. *Id.*

In *Armstrong*, the D.C. Circuit analyzed these factors to determine whether the NSC is an agency subject to FOIA. *See* 90 F.3d at 558–65. The court first "conclude[d] that the NSC has a structure sufficiently self-contained that the entity could exercise substantial independent authority." *Id.* at 560. Second, the court found that the NSC's "intimate organizational and operating relationship" with the President is "entitled to significantly greater weight in evaluating the NSC's arguable status as an agency than [] the self-contained structure of the entity." *Id.* The court noted that the "President chairs the statutory Council, and his National Security Adviser, working in close contact with and under the direct supervision of the President, controls the NSC staff." *Id.* The court then turned to the statutory and presidential delegations of authority to the NSC, the third factor described in *Meyer*. *See id.* at 560–65. Most importantly

7

for this case, the court considered the NSC's delegated authority to protect national security information.  *See id.* at 561–62.  The NSC had argued that it "merely monitors other agencies in order to assure that the objectives of the President, who retains ultimate authority over classified information, are achieved."  *Id.* at 562.  The NSC explained that declassification reviews "are really nothing more than the internal management of the information that the NSC generates in advising the President."  *Id.*  Despite Armstrong's arguments that the NSC had an independent and discretionary role in declassification review for entities outside the NSC, the court did not consider this evidence "the indicium of an entity with substantial independence from the President."  *Id.*  The court concluded "that under the three-part test of *Meyer*, the NSC is not an agency subject to the FOIA."  *Id.* at 565.

Defendants argue that *Armstrong* resolves this case.  *See* Defs.' Partial Mot. Dismiss at 6–7.  They argue that a federal entity must be treated like its parent entity and that RAISMD "is not even appropriately named as a defendant, as under FOIA, the parent agency constitutes the proper defendant."  *Id.* at 8 n.4 (citing *Vasquez v. U.S. Dep't of Justice*, 764 F. Supp. 2d 117, 119 (D.D.C. 2011)).  Defendants argue that "an entity (NSC) that itself lacks substantial independent authority, and exists only to advise and assist the President, cannot have a subordinate sub-part (NSC-RAISMD) that operates independently."  *Id.* at 8.  They point to *Ryan v. Department of Justice* where the D.C. Circuit stated that "depending on its general nature and functions, a particular unit is either an agency or it is not.  Once a unit is found to be an agency, this determination will not vary according to its specific function."  *Id.* at 9 (quoting *Ryan v. Dep't of Justice*, 617 F.2d 781, 788 (D.C. Cir. 1980)).  Defendants further argue that even if the Court did examine the functions of RAISMD separately, Legal Eagle has failed to plead sufficient facts to

demonstrate that it should be considered, in the face of *Armstrong*, an agency subject to FOIA. *See id.* at 10–12.

Legal Eagle suggests that pointing to *Armstrong* is a straw man argument and that just because no court has determined that a sub-part of a non-FOIA entity is subject to FOIA does not mean that this Court should not make such a determination.  Pl.'s Opp'n at 2–4.  Legal Eagle claims, without citation to any cases in this district postdating *Armstrong*, that "[e]ach time a court has adjudicated a FOIA case against the NSC, it has performed a searching 'sole function' examination of the functions of the office" and that this "fact removes any relevance of the case law cited" by Defendants.  *Id.* at 4.  As an example, Legal Eagle points to an out of circuit case in which the Second Circuit, after analyzing the functions of the NSC and its subcomponents, determined that the NSC was not subject to FOIA, just like the D.C. Circuit did in *Armstrong*. *Id.* at 5 (citing *Main Street Legal Services v. National Security Council*, 811 F.3d 542 (2d Cir. 2016)).  It is Legal Eagle's position that *Armstrong* and *Main Street* only determined that the NSC as a whole is not subject to FOIA but left open the possibility that subcomponents of the NSC might still be subject to FOIA if they are sufficiently independent.  *See id.* at 5–6.

The Court agrees with Defendants.  "[T]he law in this Circuit is clear that the NSC is not an 'agency' for purposes of the FOIA."  *Risenhoover v. U.S. Dep't of State*, No. 19-cv-715, 2020 WL 3128947, at *7 (D.D.C. June 12, 2020) (citing *Armstrong*, 90 F.3d at 559)); *see also Citizens for Responsibility and Ethics in Wash. v. Off. of Admin.*, 566 F.3d 219, 223 (D.C. Cir. 2009) ("Nor is the National Security Council . . . covered by FOIA because it plays no 'substantive role apart from that of the President, as opposed to a coordinating role on behalf of the President.'" (quoting *Armstrong*, 90 F.3d at 565)); *Electr. Privacy Info. Ctr. v. Nat'l Sec. Agency*, 795 F. Supp. 2d 85, 91 (D.D.C. 2011) ("This Circuit has unambiguously held that the NSC is not an

agency subject to FOIA."); *Property of the People, Inc. v. Off. of Mgmt. and Budget*, 394 F.

Supp. 3d 39, 44 (D.D.C. 2019) ("NSC and its subcommittees exercise no 'meaningful non-

advisory authority.'" (quoting *Armstrong*, 90 F.3d at 565)).  The Court perceives no invitation in

this Circuit's binding precedent to reevaluate whether subcomponents of the NSC, an entity that

itself has been found to not "exercise *any* significant non-advisory function," *Armstrong*, 90 F.3d

at 565 (emphasis added), are agencies subject to FOIA.  Although *Armstrong* did not specifically

discuss prepublication review or RAISMD, the court did consider the NSC's role in protecting

classified information.  *See id.* at 561–62; *see also Main Street*, 811 F.3d at 553 (concluding after

analyzing functions of NSC that it "is not an agency subject to the FOIA because its sole

statutory function is to advise and assist the President").[2]  Where two Circuit courts have

determined that the NSC as a whole functions in solely an advisory capacity, "[a]ny duties the

NSC assigns to its staff . . . must also be deemed only to advise" because the NSC "can hardly

confer on its staff more authority than it has itself."  *Main Street*, 811 F.3d at 554.  Given the

D.C. Circuit's consideration of the functions of the NSC and its determination that it is not

---

[2] Legal Eagle's attempts to evade the key holdings in *Armstrong* and *Main Street*, by claiming that both cases leave open the possibility that entities within a non-FOIA entity may be subject to FOIA, *see* Pl.'s Opp'n at 5–6, are not rooted in the text or analysis of either decision. In both cases, the courts considered the various functions of the NSC and determined that it did not exercise any significant non-advisory functions.  *See Armstrong*, 90 F.3d at 565; *Main Street*, 811 F.3d at 553; *see also* Defs.' Reply in Supp. of their Partial Mot. Summ. J. at 3–4, ECF No. 18 ("The [] conclusion that these cases only determined the FOIA status of the NSC, not its sub-units, strips the word 'sole' out of 'sole function'—that is, a sub-unit of an entity whose *sole* function is to advise and assist the President cannot, by definition, be substantially independent from the President.").

subject to FOIA,[3] the Court declines to reconsider the matter.[4]  Accordingly, counts 1–4, 15, and 16 and Defendant RAISMD are dismissed.

## B.  Motions for Partial Summary Judgment

The parties have both moved for partial summary judgment on the counts that charge Defendants with improperly denying Legal Eagle's requests for expedited processing of its FOIA requests.  FOIA allows for "expedited processing" of record requests where "the person requesting the records demonstrates a compelling need" and "in other cases determined by the agency."[5] 5 U.S.C. § 552(a)(6)(E)(i).  "Compelling need" means "that a failure to obtain requested records on an expedited basis . . . could reasonably be expected to pose an imminent threat to the life or physical safety of an individual" or "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity."  *Id.* § 552(a)(6)(E)(v).  The requester bears the

---

[3] Even if the Court did conduct an analysis to determine separately if RAISMD should be considered an agency under FOIA, which it need not do, Legal Eagle has not plausibly alleged any facts that would change the D.C. Circuit's analysis, which, again, included consideration of the NSC's role in protecting classified information.  *See Armstrong*, 90 F.3d at 561–62.  Legal Eagle simply alleges that RAISMD "bears primary responsibility for the classification review of written works submitted to the NSC for the prepublication review process."  Am. Compl. ¶ 4. This allegation is followed by the conclusory statement that "RAISMD is accordingly an agency . . . with substantial independent authority in the exercise of specific functions whose sole function is not to advise and assist the President."  *Id.*  Without any additional factual allegations speaking to the independence of RAISMD or the nature of its delegated authority, Legal Eagle fails to allege a plausible claim.  Legal Eagle's notice of supplemental authority, which references a court filing that describes the prepublication review process of Mr. Bolton's manuscript, adds little to the factual allegation in the Amended Complaint and does not change the Court's conclusion either.  *See* Pl.'s Notice of Supp. Auth., ECF No. 23.

[4] Therefore, the Court will not permit Legal Eagle an opportunity to conduct limited discovery on this matter.

[5] The statute "gives an agency latitude to expand the criteria for expedited access beyond cases of 'compelling need.'"  *Al-Fayed v. C.I.A.*, 254 F.3d 300, 307 n.7 (D.C. Cir. 2001).  An agency's reasonable interpretation of its own regulations is entitled to judicial deference.  *See id.*

burden of showing that he or she is entitled to expedited processing.  *Al-Fayed v. C.I.A.*, 254 F.3d 300, 305 n.4 (D.C. Cir. 2001).  Agency decisions on requests for expedited processing are subject to judicial review "based on the record before the agency at the time of the determination."  5 U.S.C. § 552(a)(6)(E)(iii).  Such decisions are reviewed *de novo*.[6]  *See Al-Fayed*, 254 F.3d at 307–08.

The parties' disagreement centers on whether Legal Eagle established an "urgency to inform the public" about the government activity at issue.  *See* Defs.' Partial MSJ at 11–12 (not contesting that Legal Eagle is "primarily engaged in disseminating information" or that the requests concerned "actual or alleged Federal Government activity").  When evaluating this statutory requirement, courts must consider three factors: "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity."  *Al-Fayed*, 254 F.3d at 310.  The requester must develop the record to demonstrate an urgency to inform the public.  *See id.* at 310–11; *see also Progress v. Consumer Fin. Prot. Bureau*, No. 17-cv-686, 2017 WL 1750263, at *5 (D.D.C. May 4, 2017); *Wadelton v. Dep't of State*, 941 F. Supp. 2d 120, 122 (D.D.C. 2013) ("The requestor bears the burden of proof.").

---

[6] Because the Court conducts a *de novo* review of the record before the agency, Legal Eagle's argument that the denials fail to demonstrate reasoned decisionmaking does not affect the Court's conclusion.  *See* Pl.'s Mot. Partial Summ. J. at 9–13.  Legal Eagle points to a decision in which Judge Jackson found that an agency's denial of a request to expedite under its own regulation was "entitled to little deference."  *Citizens for Responsibility & Ethics in Washington v. Dep't of Justice*, 436 F. Supp. 3d 354, 361 (D.D.C. 2020).  There, unlike here, the court did not conduct a *de novo* review of the record before the agency for denials made under the statutory framework.  *See id.* at 359–61.

As noted above, Legal Eagle's requests for expedited processing submitted to each of the Defendants included the following statement speaking to a "compelling need":

> [B]ecuase of the issues surrounding [Mr. Bolton's] manuscript and the Government's efforts to prohibit [Mr.] Bolton from providing the requested information—either in his book or in Congressional testimony—this request satisfies the compelling need standard for expedited processing, since it is made by a person primarily engaged in disseminating information to inform the public about Government activity involving topics of breaking news.

Pl.'s Mot. Partial Summ. J. Ex. A.  Without focusing on the content of the record before the agency, Legal Eagle argues that "records about a prepublication review process applied to a highly popular and controversial tell-all book . . . concern a matter of 'current exigency to the American public." Pl.'s Mem. at 8 (footnoted omitted).  Although not mentioned in its requests for expedited processing, Legal Eagle states that "it is highly relevant that [Mr.] Bolton has levied several accusations at the White House of misconduct in the prepublication review process" and that information related to these allegations "would clearly be 'central to a pressing issue of the day,' in the run-up to a Presidential election." *Id.* (quoting *Wadelton*, 941 F. Supp. 2d at 123).  Defendants counter that besides the statement noted above in the requests, Legal Eagle "provided no further information, or any explanation of why the information was time sensitive—nothing at all—to support a finding of urgency to inform the public on the topic." Defs.' Partial MSJ at 13.  In an apparent concession regarding the inadequacy of the record before the agency, Legal Eagle argues in reply that Defendants should not have ignored "commonly-known information" when evaluating the requests for expedited processing.  Pl.'s Reply Supp. Mot. Partial Summ. J. ("Pl.'s Reply") at 4, ECF No. 25.  Legal Eagle contends that "[t]here is no requirement that requesters must spell out in exacting detail why something is important when any person with even a casual awareness of current events would automatically know that it is important." *Id.* at 3–4.

The Court again agrees with Defendants; the record before the agencies fails to establish a compelling need for expedited processing.[7]  Congress has made clear that judicial review of agency denials of requests for expedited processing must be "based on the record before the agency at the time of the determination," 5 U.S.C. § 552(a)(6)(E)(iii), not on "commonly-known information" that the agency should have considered in addition to the record.  Legal Eagle's requests offered no evidence of an urgency to inform the public that would justify placing its requests ahead of others.  Courts often affirm denials of requests to expedite on comparatively more robust records.  *See Al-Fayed*, 254 F.3d at 311 ("[T]he record does not contain any news report on the subject . . . other than reports on the press conference plaintiffs held to announce the filing of their complaint . . . Such evidence is insufficient to demonstrate that the request concerns a matter of current exigency."); *Progress*, 2017 WL 1750263, at *5 ("[T]he Court in no way concludes that there is not in reality substantial public interest . . . Rather, the Court merely finds that the current record, which it was Plaintiff's burden to develop, does not provide any evidence of this public interest."); *Wadelton*, 941 F. Supp. 2d at 124 ("Plaintiffs' submission of one article, a series of posts on a specialized blog, and plaintiff Truthout's representation that it 'intends' to publish a story do not come close to demonstrating a comparable level of media interest."); *but see Am. Civil Liberties Union of N. California v. U.S. Dep't of Def.*, No. C 06-01698, 2006 WL 1469418, at *7 (N.D. Cal. May 25, 2006) (finding that numerous "articles in the record also suggest that there was an urgency"); *Gerstein v. C.I.A.*, No. C 06-4643, 2006 WL 3462658, at *4–5 (finding record containing recent statements from high profile officials, reports

---

[7] Legal Eagle's notice of new evidence regarding the Department of Defense's decision to deny its request for expedited processing does not alter the Court's *de novo* analysis because it does not change the record before the agency at the time of the determination.  *See* Pl.'s Notice of New Evid., ECF No. 30.

of complaints from members of Congress, and database search showing "977 news reports in the previous 90 days" sufficiently demonstrated a compelling need).  Because Legal Eagle failed to offer evidence demonstrating a "compelling need," the Court finds that Defendants properly denied the requests for expedited processing based on the records before the agencies at the time of the determinations.[8]  Accordingly, the Court grants Defendants' motion for summary judgment on counts 6, 8, 12, 14, and 18.[9]

## C.  Motion to Strike

Finally, Legal Eagle filed a motion to strike Defendants' Partial Motion for Summary Judgment because it characterizes the cross motion as an inappropriate "cross-cross-motion." Pl.'s Mot. Strike at 1.  Legal Eagle takes issue with the fact that Defendants had already filed a dispositive motion (the partial motion to dismiss) and argues that Defendants should have filed for partial summary judgment on the counts involving the requests for expediting processing when they filed their first dispositive motion.  *Id.* at 2–3.  Legal Eagle further contends that because it never filed an opposition to Defendants cross motion for summary judgment (instead styling its submission as merely a reply brief), Defendants' reply brief should be struck from the record under Local Rule 7(d).  *Id.* at 3.

As Defendants correctly point out in opposition, "Rule 56 allows a party to move for summary judgment 'at any time until 30 days after the close of discovery,' regardless of whether they have first filed a motion to dismiss on other issues."  Defs.' Opp'n Pl.'s Mot. Strike at 2,

---

[8] The Court does not agree that OLC's decision to grant Legal Eagle's request for expedited processing should bear on the independent decisions of other agencies.  *See* Pl.'s Mot. Partial Summ. J. at 4–5.  Legal Eagle has pointed to no authority suggesting that OLC's decision should be treated as an official OLC opinion that is binding on the Executive Branch and this Court can think of no reason to treat it as such.

[9] The Court does not grant summary judgment on the counts that it has already dismissed that involve the NSC and RAISMD.

15

ECF No. 28 (quoting Fed. R. Civ. P. 56(b)).  Beyond Legal Eagle's contentions that the motion

is an inappropriate "cross-cross-motion" and that it never filed an opposition so the local rules

prohibit a reply,[10] it cites no legal precedent or rule supporting its argument that the motion and

reply should be struck from the record.  Even the Court acknowledged that Defendants would

file a "combined cross-motion for partial summary judgment and opposition to Plaintiff's motion

for partial summary judgment" in an order granting an extension of time to file.  *See* Min. Order

(Sep. 8, 2020).  "[A] district court enjoys broad discretion in managing its docket."  *Grimes v.*

*District of Columbia*, 794 F.3d 83, 90 (D.C. Cir. 2015).  The Court will not use that discretion in

this case to strike Defendants' motion and reply from the record.

* * *

To summarize, based on the Court's discussion above, counts 1–4, 15, and 16 and

Defendant RAISMD are dismissed.  Partial summary judgment is granted in Defendants' favor

on counts 6, 8, 12, 14, and 18.  Therefore, counts 5, 7, 9–11, 13, 17, and 19–21 remain.  Pursuant

to the Court's previous order, *see* Min. Order (Sep. 3, 2020), the stay on Defendants' time to

respond to the Amended Complaint is lifted; Defendants shall have fourteen days to respond to

the Amended Complaint.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss (ECF No. 7) is

**GRANTED**.  Plaintiff's Motion for Partial Summary Judgment (ECF No. 13) is **DENIED** and

Defendants' Motion for Partial Summary Judgment (ECF No. 21) is **GRANTED**.  Plaintiff's

---

[10] Defendants argued in opposition that if the Court does not treat Legal Eagle's filing as
an opposition to its cross motion, it should deem to motion conceded.  Defs.' Opp'n Pl.'s Mot.
Strike at 2–3.  Legal Eagle is correct that motions for summary judgment cannot be conceded,
*see* Pl.'s Reply Supp. Mot. Strike at 2, ECF No. 29, but the Court will not strike Defendants'
motion and reply based on Defendants' incorrect assertion.

16

Motion to Strike (ECF No. 27) is **DENIED**.  An order consistent with this Memorandum

Opinion is separately and contemporaneously issued.

Dated:  March 18, 2021                                    RUDOLPH CONTRERAS
                                                         United States District Judge

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LEGAL EAGLE, LLC,**

           Plaintiff,

v.

                                   Civil Action No. 20-1732 (RC)

**NATIONAL SECURITY COUNCIL
RECORDS ACCESS AND
INFORMATION MANAGEMENT
DIRECTORATE, *et. al.*,**

           Defendants.

## JOINT STATUS REPORT

The Parties provide this Joint Status Report in response to the Court's minute order of August 31, 2021. The Parties respectfully inform the Court that all but one of the remaining Defendants have now provided Plaintiff with final response letters to its FOIA requests. Defendants that have now provided final responses are: DOD, DOJ-NSD, CIA, State, DOJ-OLC, and ODNI.

As described in the prior Status report, Defendant NARA and its component the George W. Bush Presidential Library ("the Library") completed its review and processing of records potentially responsive to Plaintiff's request and NARA issued notification for these records on May 13, 2021 pursuant to 44 U.S.C. § 2208(a). As no extension to the notification period was sought, the notification period ended on August 9, 2021. NARA subsequently provided Plaintiff with access to the responsive, non-exempt records on August 23, 2021. Among the responsive records were 15 pages containing classified information that requires further consultation with the equity holding agencies to determine if the material remains classified. However, due to the local health conditions, the Library closed on August 9, 2021, and remains closed until further

1

notice.  The Library staff cannot access classified records remotely and therefore cannot send the documents out for consultation until it is permitted to work onsite.  NARA does not currently have a timeframe as to when the Library staff will regain access to the facility.

The Parties respectfully request that the Court provide the Parties one further month to meet and confer over any further issues Plaintiff wishes to raise regarding Defendants' responses, and provide a further status report on November 1, 2021, at which point the Parties will provide a proposed schedule for further proceedings.

Dated: October 1, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Christopher R. Healy*
CHRISTOPHER R. HEALY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch 1100 L St, N.W.
Washington, D.C. 20530
Telephone: (202) 514-8095
Facsimile: (202) 616-8470
E-mail: Christopher.Healy@usdoj.gov

*Counsel for Defendants*

*/s/ Kelly B. McClanahan*
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org
*Counsel for Plaintiff*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LEGAL EAGLE, LLC,**

                   Plaintiff,

v.

                                 Civil Action No. 20-1732 (RC)

**NATIONAL SECURITY COUNCIL
RECORDS ACCESS AND
INFORMATION MANAGEMENT
DIRECTORATE,** *et. al.*,

                   Defendants.

## JOINT STATUS REPORT

The Parties provide this Joint Status Report in response to the Court's minute order of August 31, 2021.  As described in the prior status report, all but one of the remaining Defendants have now provided Plaintiff with final response letters to its FOIA requests.  Defendants that have now provided final responses are: DOD, DOJ-NSD, CIA, State, DOJ-OLC, and ODNI.

As previously described, Defendant NARA and its component the George W. Bush Presidential Library ("the Library") completed its review and processing of records potentially responsive to Plaintiff's request and NARA issued notification for these records on May 13, 2021 pursuant to 44 U.S.C. § 2208(a).  As no extension to the notification period was sought, the notification period ended on August 9, 2021.  NARA subsequently provided Plaintiff with access to the responsive, non-exempt records on August 23, 2021.  Among the responsive records were 15 pages containing classified information that requires further consultation with the equity holding agencies to determine if the material remains classified.  However, due to the local health conditions, the Library closed on August 9, 2021, and remained closed until very recently.  Limited numbers of library staff have now been allowed to access the library and NARA

1

anticipates that these final 15 pages will be sent for inter-agency consultation by the end of this week.

The Parties respectfully request that the Court provide the Parties further time to meet and confer over any further issues Plaintiff wishes to raise regarding Defendants' responses, and provide a further status report on December 22, 2021, at which point the Parties will provide a proposed schedule for further proceedings.

Dated: November 1, 2021                    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Christopher R. Healy*
CHRISTOPHER R. HEALY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs
Branch 1100 L St, N.W.
Washington, D.C. 20530
Telephone: (202) 514-8095
Facsimile: (202) 616-8470
E-mail: Christopher.Healy@usdoj.gov

*Counsel for Defendants*

*/s/ Kelly B. McClanahan*
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org
*Counsel for Plaintiff*

2